## Case No. 10,481.

### OLCOTT v. WING.

### [4 McLean, 15.] [1]

Circuit Court, D. Michigan. June Term. 1845.

PARTNERSHIP—TRADING IN LAND—APPORTIONMENT OF LOSS.

1. A partnership in purchasing and selling lands, is governed by the same principles as ordinary partnerships.

[Cited in brief in Chester v. Dickerson, 54 N. Y. 7; Rovelsky v. Brown, 92 Ala. 522, 9 South. 184.]

2. The complainant and defendant entered into a partnership to buy and sell lands, the complainant to furnish the capital, the defendant to buy; and after the close of the business, the money paid by complainant. and the interest thereon, to be first paid out of the proceeds, and the residue to be divided as profits. If a loss should be incurred, they were to bear it equally. Under this contract a large tract of land was purchased. The land deteriorated in value; it was conveyed to the complainant. but on a bill. the court ordered the land to be sold, the loss to be borne equally by the parties.

[Distinguished in Ellsworth v. Pomeroy, 26 Ind. 164. Cited in Young v. Thrasher, 115 Mo. 231, 21 S. W. 1104.]

[This was a bill in equity by Thomas W. Olcott against Austin E. Wing.]

Mr. Backus, for complainant.
Jay & Porter, for defendant.

OPINION OF THE COURT. It appears from the facts in this case, that the complainant and defendant entered into an agreement to purchase real estate, the complainant to advance the money, and each to share equally

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

in the profits, after deducting the price paid, and interest. In the month of March, 1836, the defendant purchased a tract of land, described in the bill, for $4,250, the title for which was taken in the name of the defendant, although he drew a draft on the complainant for that sum, which was paid by him. This purchase was made in pursuance of the agreement. The partnership was limited to five years, at the expiration of which time the business was to be closed. And it was fairly within the terms of the contract, that the sales of real estate purchased should be made when a good profit could be realized, or other circumstances rendered a sale proper. The above tract, however, remained on hand, and greatly deteriorated in value, with the general fall in the value of real property in the country at the time. The complainant alleges that he repeatedly urged the sale of the premises. At length, in April, 1839, the defendant conveyed the premises to the complainant; and the question is, whether such a conveyance shall discharge him from the obligations of his partnership. Under the circumstances, we think it was proper to ask the aid of a court of chancery to adjust this matter. With the consent of both parties, the premises might have been sold, and the amount of the sale being compared with the purchase money and interest, would show the profit or loss. But without such consent, the only regular and safe course for the complainant to take, was to file a bill, and ask for a sale of the land, under the direction of a court of chancery. No difficulty is perceived in giving a construction to this contract of partnership. The complainant was to furnish the capital, and the defendant was to perform the labor; and they were to participate equally in the profits. But little labor was required from the defendant in making the purchases contemplated. Where persons agree to enter into a partnership in selling goods which require continual labor and responsibility, the capital to be advanced by one, and the labor to be performed by the other, the use of the capital is generally considered as an offset to the labor. But this principle does not apply to the case under consideration, where very little labor is necessary. In the estimation of the defendant, at least, a large profit from the operation was anticipated; and that appears to have induced the complainant to advance his money. The court will decree a sale of the premises, the master giving notice, etc., and time, as specified in the decree. And if the sale shall fall below the money, with interest, advanced by the complainant, the difference constitutes the loss, which shall be equally divided between them. Any actual expense incurred by the defendant in purchasing the land, to be allowed to him. If the land shall sell for more than the purchase money and interest, and the actual expense of the defendant, on the sale, the excess shall be equally divided between the parties, as profit.