WILLET ET AL., PLAINTIFFS IN ERROR, v. BROWN.

1. **Dower**: PATRNERSHIP REAL ESTATE. A widow is not entitled to dower of real estate bought and improved with partnership funds. by a firm, of which her deceased husband was at the time a member, and held and treated by them as partnership property, and sold after his death to pay the debts of the firm, which was insolvent, notwithstanding the title was taken in the name of the individual members and not of the firm.

2. **Trust for Payment of Partnership Debts.** Real estate so purchased and treated is to be deemed, so far as the legal title is concerned, as estate held in common and not in joint tenancy; but as to the beneficial interest it is held in trust, each holding his property in trust for the partnership until the partnership account is settled, and the partnership debts are paid.

3. **Dower Act Construed.** The statute (Wag. Stat. 542 sec. 23) which provides that "the widow shall have dower of the real estate of her husband and * * * although the same may have been held by him as joint tenant or tenant in common or copartner," has no application to real estate charged with such a trust.

*Error to Cass Circuit Court.*—HON. F. P. WRIGHT, Judge.

*A. Comingo* for plaintiffs in error.

I. In order to exclude dower in real estate conveyed to copartners, by their respective names, it must have been acquired with partnership funds, strictly as partnership property, and must have been held exclusively for partnership uses; or, it must have been acquired by the partners under an agreement, or with an express understanding that it should be held and sold for the benefit of the partnership and as partnership property. *Smith v. Jackson*, 2 Edwards Chancery 28; *Buchan v. Sumner*, 2 Barb. Chancery 165,

200, 201; *Delmonico v. Guillaume,* 2 Sanf'd Chancery 366; *Averill v. Loucks,* 6 Barb. 19; *Buckley v. Buckley,* 11 ib. 43; *Wooldridge v. Wilkins,* 3 How. Missis. 360; *Markham v. Merrett,* 7 ib. 437; *Wheatley v. Calhoun,* 12 Leigh. 264.

II. The Court erred in the declaration of the law of the case, given of its own motion. There is no testimony in the case, proving or tending to prove, that the property described in the petition was purchased by the partners to be used and applied to partnership purposes, nor any showing or tending to show that it was treated by the partners as a part of their partnership stock. Furthermore the Court declares, of its own motion, that, "if the property was purchased with the partnership funds, that fact of itself created a trust which attached to it, in the hands of the partners, in favor of partnership creditors." The facts disclosed by the record do not warrant this declaration, as to the law of the case. *Smith v. Jackson, Markham v. Merrett* and *Wheatley v. Calhoun. (Supra.)* But even admitting that the real estate was held by Silas Price and Charles Keller, in such a manner as to render it subject to the payment of partnership debts, and, under suitable proceedings and adjudications, to exclude dower, it does not appear that plaintiff's dower is excluded. In order that it might be excluded, she should have been made a party to the proceedings for a sale of the real property to pay the partnership debts. Otherwise, her claim for dower is not affected by the sale. *Pugh v. Currie,* 5 Alabama 446; *Collins v. Warren,* 29 Mo. 236.

*N. M. Givan and D. K. Hall* for plaintiffs in error.

I. If partners carrying on a trade or business, purchase real estate, essential to the very prosecution of such trade or business, such as mill sites, store houses, &c.; or if there is a contract or agreement express or implied between them, that the lands so held shall be converted into the stock of the partnership at its dissolution (neither of which appears

in the case at bar), the better opinion seems to be that it will be changed into personalty and liable as such for the partnership debts. But if, on the other hand (as in the case at bar), the ownership by partners of such realty is in no way connected with the very business of their trade, or if it is only collateral to, and not growing out of their trade, the authorities are clear and conclusive that it retains its original character. *Buckeridge v. Ingram*, 2 Ves. jr. 652; *Smith v. Smith*, 5 Ves. 189; *Ripley v. Waterworth*, 7 Ves. 425; *Phillips v. Phillips*, 1 Mylne & Keene, 649; 7 Cond. Eng. ch. 208; *Brown v. Brown*, 3 M. & K., 443; 9 Eng. ch. 118; *Randall v. Randall*, 7 Simons 271; *Coles v. Coles*, 15 Johns. 159; *McDermot v. Lawrence*, 7 Serg. & Rawl. 438; *Greene v. Greene*, 1 Ohio 244; *Sigourney v. Munn*, 7 Conn. 11; *Gow on Part.* 2nd Ed. pages 49, 50, 51 and note on page 51.

It is insisted that the principle here contended for is sustained by reason, justice and equity as well as by the decisions of the courts. Messrs. Price & Keller were partners in the general mercantile business at the time the real estate in question was purchased. They were not in the business of buying and selling of real estate; that constituted no part of their partnership business. The real estate in question was not used as a store house, nor was it in any manner connected with their partnership business. It was bought by and conveyed to them as individuals in 1852. The partnership was not dissolved by the death of Price until 1859. It would have been perfectly competent and proper for the members of the firm to have withdrawn from the business of the firm any reasonable amount of money, and with it to have bought real estate for, and had it conveyed to each of them separately, and such real estate would not have been thought of as personal property. If so, why should real estate conveyed to them jointly as tenants in common, as individuals, having no connection with, or relation to their partnership business, be governed by a different rule?

II. The distinction between partnership and tenancy

in common should not be ignored. The fact that the tenants in common of the legal title are co-partners does not, of itself, invest the realty with any of the characteristics of personalty. Partners may, like other persons, join in a purchase of realty independent of their partnership, intending to hold their interests severally. Whenever such an intention exists, the property, though paid for out of the moneys or effects of the firm, retains in equity, as well as at law, the character of real estate. *Freeman on Co-ten. and Part.*, secs. 111, 112, 114; *Hunt v. Benson*, 2 Humph. 459; *Dyer v. Clark*, 5 Met. 562; *Smith v. Smith*, 5 Ves. 193; *Coder v. Huling*, 27 Pa. St. 88; *Collumb v. Read*, 24 N. Y. 513. The deed to the individual partners, their heirs and assigns, and the testimony taken together clearly show there was no intention to impress upon this real estate the character of personalty. The mere fact that payment is made out of the partnership funds is not even *prima facie* proof of the conversion of real into personal estate. It must be shown in addition to this fact that the purchase was connected with the firm business, or was in pursuance of some agreement, that it should be held for the benefit of the concern. *Freeman on Co-tenancy and Part.* sec. 115; *Smith v. Jackson*, 2 Edw. Ch. 28; *Cox v. McBurney*, 2 Sandf. 561; *Wooldridge v. Wilkins*, 3 How. Miss. 360.

III. The Court found that Price and Keller held said real estate as tenants in common, and our statute expressly declares that " The widow shall have dower of real estate, although there may have been no actual possession by the husband in his lifetime, and although the same may have been held by him as joint tenant, or *tenant in common*, or co-parcener." Wag. Stat., p. 542, sec. 23. This section became the law of this State since the decision by this Court of *Carlisle's adm'rs v. Mulhurn*, 19 Mo. 56, and *Duhring v. Duhring*, 20 Mo. 174, and is decisive of the case in favor of plaintiffs.

*Wooldridge & Daniel* for defendant in error.

1. The widow of a deceased partner is not entitled to

dower in that part of the partnership lands which are necessary for the payment of partnership debts. *Sumner v. Hampson*, 8 Ohio 328; 1 *Parsons on Contracts*, 151, 5th Ed.; *Duhring v. Duhring*, 20 Mo. 174; *Goodburn v. Stevens*, 5 Gill 1; *Richardson v. Wyatt*, 2 Dessaus. 471; *Wooldridge v. Wilkins*, 3 How. Miss. 360; *Burnside v. Merrick*, 4 Met. 541; *Dyer v. Clark*, 5 Met. 562; *Hale v. Plummer*, 6 Ind. 121.

2.  Real estate purchased with partnership funds is, so far as the partners and their creditors are concerned, treated in equity as personal property; and the widow of a partner has dower only in what remains after the payment of the partnership debts and the adjustment of the claims of the partners. 1 *Parsons on Con.*, 149, 5th Ed.; *Goodburn v. Stevens*, 5 Gill 1; *Buchan v. Sumner*, 2 Barb. Ch. 165, 192, 207; *Benkley v. Benkley*, 11 Barb. 14; *Piatt v. Oliver*, 3 McLean 27; *Rice v. Barnard*, 20 Vt. 479; *Overholt's Appeal*, 12 Penn. St. 222; *Moderwell v. Mullison*, 21 Id. 257; *Buck v. Winn*, 11 B. Mon. 322; *Owens v. Collins*, 23 Ala. 837; *Boyers v. Elliott*, 7 Humph. 204; *Hoxie v. Carr*, 1 Sumner 182, 4 Ohio St. 1; *Story on Partnership*, § 93; *Carlisle's Adm'rs v. Mulhern*, 19 Mo. 56; *Duhring v. Duhring*, 20 Mo. 174; *King v. Wilcomb*, 7 Barb. 263; *Denning v. Colt*, 3 Sandf. 284. It is immaterial that the property was conveyed to the partners, Silas Price and Charles Keller, *eo nomine*. The creditors of the firm had a right to look to it for payment of their just demands, and neither the form of conveyance, nor the fact of its being used or not used by the firm in the transaction of their partnership business could affect their rights. *Wash. Real Prop.*, 3d Ed. 575, sec. 3; *Menagh v. Whitwell*, 52 N. Y. 146, S. C. 11 Amer. R. 683.

NORTON, J.—This is a suit instituted by plaintiff, Mary E. Willet, as the former wife of one Silas Price, for the assignment of dower in certain lots in the town of Harrisonville, in Cass county, and for the recovery of damages for the deforcement thereof. It is alleged that her former husband, Silas Price, was seized of an estate of inheritance

in said lots, during their marriage, and that defendant, by virtue of a sale of the same, made after the death of said Price, by him, as the administrator of the partnership estate of S. Price & Co., conveyed said lots by administrator's deed, in February, 1861, to Alexander Feely, who afterwards conveyed the same to Barton Holderman, who afterwards conveyed to Alexander McLorky, who afterwards, in July, 1867, conveyed to Lititia Jones, who afterwards, in December, 1867, sold and conveyed the lots in question to the defendant, Robert A. Brown.

Defendant, in his answer, alleged that the lots in which dower is demanded by plaintiff were purchased by the firm of S. Price & Co., a partnership composed of Silas Price and Charles Keller, with partnership funds for the purposes of said partnership. That they were treated, held, owned and considered by said firm as partnership property, and that after the death of said Silas Price, they were sold as stated in the petition by defendant, as the administrator of the partnership estate of said S. Price & Co., for the purpose of paying partnership debts, and that said partnership estate was insolvent and insufficient to pay the debts of said firm. The replication denies all the averments of the answer except the one charging the insolvency of the firm of S. Price & Co., and one charging that the lots were sold to pay partnership debts. Upon a trial of the cause, the Court rendered judgment for the defendant from which plaintiffs have appealed.

As the error complained of is based upon the action of the Court in giving and refusing instructions, we copy them herein.

1st. If the Court, sitting as a jury, shall find from the evidence that the real estate in the petition described was purchased by the firm of Silas Price & Co., and conveyed to Silas Price and Charles Keller; that they composed the firm of Silas Price & Co.; that said real estate was paid for by said partners with partnership funds, then said Price

and Keller thereby became the owners of and held said real estate as tenants in common.

2d.   If the Court, sitting as a jury, further finds that said Price has departed this life, that plaintiff, Mary Willet, was the wife of said Price, the Court, sitting as a jury, will find the issues for the plaintiffs, notwithstanding it may appear that said real estate was purchased by said firm and paid for out of the partnership funds, unless it shall further appear that it was purchased by said firm for its use in carrying on and transacting its partnership business.

The first of these instructions was given, the second was refused, and the Court, of its own motion, gave the following :

The Court, sitting as a jury, declares the law to be, that, though the said Silas Price and Charles Keller, composing the partnership firm of Price & Co., purchased the real estate described in the petition, with partnership funds, and by reason of such purchase held the same as tenants in common; yet they held the same in trust for the payment of partnership debts and liabilities ; and if the Court finds from the evidence and the admissions in the pleadings that said property was purchased out of the partnership funds, to be used and applied to partnership purposes, and that the same was treated by said partners as a part of said partnership stock, and that said partnership was insolvent at the time of the death of said Price, and that it became necessary to sell said property, and the same was sold for the purpose of paying the partnership debts, then the plaintiff is not entitled to dower in the same, and the finding will be for the defendant.

The instruction given by the Court of its own motion, seems to be fully warranted by the cases of *Carlisle, admr.* 1. DOWER : part- *v. Mulhern & Keyser*, 19 Mo. 56.   *Duhring v.* nership real es-tate. *Duhring*, 20 Mo. 174.   In the former case the question before the Court was identical in principle with the one presented here.   The contest was between the administrator of Carlisle, and Keyser the administrator

of the partnership estate of Carlisle & Keyser, as to the disposition of a fund, the proceeds of the sale of a leasehold interest in real estate which had been acquired with partnership funds of the firm of Carlisle & Keyser. Gamble, Judge, who delivered the opinion, observes : " It is insisted that as the lease in this case was made to David Carlisle and Rufus Keyser, in their individual names, it was not partnership property. It appears sufficiently that these partners, being brick-makers and brick-layers, acquired their interest in the property by the advance of partnership money as an investment of so much of their partnership funds, to be held for their joint benefit. There has been some contrariety of decision in the English and American courts upon the question, of whether freehold estates in land purchased by a partnership with their joint funds, became partnership property to be treated as a fund for the payment of partnership debts. Without a labored examination of these decisions, the result of the authorities may be stated to be that real estate purchased out of partnership funds to be used and applied to partnership purposes, and treated and considered by the partners as partnership stock, is to be deemed and considered, so far as the legal title is concerned, as estate held in common and not in joint tenancy; but as to the beneficial interest it is held in trust, each holding his property in trust for the partnership until the partnership account is settled and the partnership debts are paid. It is a trust arising from actual or implied agreement of the parties, and from the mutual relation in which they stand to each other." It is true that there was no question of dower in that case, but the declaration of the court that the estate, although held by the partners as tenants in common, was chargeable in their hands with a trust for the benefit of creditors, and the payment of partnership debts, would preclude dower and the claim of the heirs of either of the tenants in common, until the partnership accounts were settled and partnership debts paid. So also in the case of

*Duhring v. Duhring*, 20 Mo., 174, it was declared by Ryland, Judge, "that the widow was not endowable of real estate belonging to the firm which was purchased by the partners for partnership purposes with partnership funds. The real estate purchased by the partners must be considered so far as is necessary to pay the debts of the firm, partnership stock and liable to the rules and regulations incident to personal property." After an exhaustive review of the authorities, to many of which we have been cited in this case, the Court reached the conclusion announced, that when lands are purchased by partners with partnership funds for partnership purposes, the policy of the law and principles of justice are against the right of the wife to dower in such lands, and the weight of authority, both English and American, is decidedly against such right. The leading authorities to which we have been cited by counsel were extensively reviewed by the Court in the above case, and in remarking upon the doctrine laid down in the case of *Smith v. Jackson*, 2 Ed., Chy. R. 28; *Thornton v. Dixon*, 3 Bro., Chy. R. 199; *Bell v. Phyn*, 7 Vesey 453; *Balmain v. Shore*, 9 Vesey 500, that an agreement between the partners was necessary to be shown that real estate of the partnership should be treated as personalty before it could be so treated, Ryland, J., observes that he doubts the accuracy of that ruling and approvingly quotes from 3 Kent 38, where it is said: "The decisions maintaining this doctrine appear to me to be a sacrifice of a principle of policy, and above all of a principle of justice to a technical rule of doubtful authority. There is no need of any other agreement than what the law will necessarily imply from the fact of an investment of partnership funds by the firm in real estate for partnership purposes. If the partners mean to deal honestly, they cannot have any other intention than the appropriation of the investment, if wanted, to pay the partnership debts.

The instruction given by the court of its own motion incorporated the principle above announced; for as a pre-

Willet v. Brown.

2. TRUST FOR PAY-MENT OF PARTNER-SHIP DEBTS — requisite to a finding for defendant, it required that the court should first find that the real estate was purchased with partnership funds for partnership purposes, that it was treated by said partners as a part of the partnership stock, that the partnership was insolvent and that the real estate was sold to pay its debts. It is, however, said there was no evidence that the lots in question were bought for partnership purposes, and for that reason the instruction should not have been given. If the evidence of Keller, the other partner, was alone to be considered, there might be some force in the objection. He swears that the lot in question was bought with the money of the firm, that a two story house was built upon it with partnership funds, which he occupied as a residence, that there was no agreement between him and Price that it should be considered partnership property, and that it was not considered partnership stock, that the partnership was formed to engage in mercantile pursuits, that there were no written articles of partnership and no agreement to engage in buying real estate. On the other hand the bill of exceptions which does not contain a detailed statement of the evidence of defendant states that it tended to prove that the lot in question, and a large number of other lots and farming lands were bought by Price & Keller, paid for out of the partnership funds and were conveyed to Silas Price and Charles Keller, and were by them considered and spoken of as partnership property. The evidence seems to establish the fact that the partnership was formed in 1848, that the lot in question was purchased with partnership funds, and improved out of the same funds in 1852, that the partnership was dissolved by the death of Price in 1859; that during its continuance other lots and farming lands were purchased with partnership funds and conveyed to Silas and Charles, and were treated and considered by them, as well as the lots in controversy, as partnership property, and that all of the real estate thus purchased was sold to pay partnership debts, that in dispute having

been sold for that purpose in 1861, the estate of the partnership being wholly insolvent. Now, if Price & Keller treated, considered and held out to the world the real estate thus bought and improved with the money of the firm, as property and assets of the partnership, and impressed upon it by their own acts the liabilities incident or attaching to partnership property, their heirs and representatives ought not to be heard in a complaint, that a court of equity should not recognize and enforce a trust which the ancestor by his conduct had impressed upon the property. An agreement between Price & Keller to buy real estate for the use and purposes of the firm might very well be inferred from what was said by the partners, and that they considered and treated it as partnership property or assets of the firm.

It is argued as a further objection to the action of the trial court in giving the instructions complained of, that 3. DOWER ACT CONSTRUED. sec. 23, Wag. Stat., 542, provides "that the widow shall have dower of real estate, although there may have been no actual possession by the husband in his life time, and although the same may have been held by him as partner." We cannot give to this statute such a construction as to make it declare that the widow of a tenant in common who holds real estate charged with a trust expressed either on the face of the conveyance under which he holds, or which is raised by legal implication from its being expressed on the face of the transaction itself, though not expressed in the deed, would be entitled to dower in such estate. Judgment affirmed with the concurrence of the other Judges, except SHERWOOD, C. J., absent.

AFFIRMED.