JULIAN, *Administrator, Appellant,* v. WRIGHTSMAN.

1. **Partnership Property**: WIDOW'S ALLOWANCE. The widow of a deceased partner is not entitled to draw anything from the partnership estate until all the partnership debts are paid; and this though the individual estate be inadequate to pay her widow's allowance.

2. **Administration**: INTEREST. An administrator is properly chargeable with interest where he makes any misapplication of the assets of the estate, or where he buys property of the estate from himself.

*Appeal from Greene Probate and Common Pleas Court.*—HON. T. H. B. LAWRENCE, Judge.

AFFIRMED.

*C. W. Thrasher* for appellant.

The court erred in charging the administrator with interest. There was no evidence that he had used any money or failed to report any money in his hands, or that he had received any interest, or failed to make any loan ordered by the court, or that he was guilty of any departure from the orders of court, or any negligence or wrongdoing whatever. *Williams v. Petticrew,* 62 Mo. 461; *Clyce*

*v. Anderson*, 49 Mo. 37; *In re Davis*, 62 Mo. 450. There being only $101 of assets in the individual estate, $200 of the partnership property was exempt from execution against him, and at his death his widow was entitled to the same exemption against his creditors. Gen. St., 642, § 11; 1 R. S., § 2346; Thomp. on Homesteads and Exempt., § 214, and note 3; §§ 546, 734, 898, 896. Such exemptions descend to the widow for the benefit of the family, and do not pass to the administrator, and he is not liable to creditors for the same. The statute will be liberally construed. *Meyehe v. Draper*, 21 Mo. 510; *State v. Farmer*, 21 Mo. 161; *Mahan v. Scruggs*, 29 Mo. 282.

*J. C. Cravens* for respondent.

The payment to the widow was illegal. No partner can take any portion of the firm property and leave the debts unpaid. No more can his heir, widow or personal representative. Story Partnership, (6 Ed.) § 97; *Price v. Hunt*, 59 Mo. 258; *Ackley v. Staehlin*, 56 Mo. 558. Even the real estate of a firm is considered personalty for all the purposes of the partnership; and until the firm debts are paid the widow of a deceased partner has no right to share in it. *Duhring v. Duhring*, 20 Mo. 174; 1 Scribner Dower, 547, 548; 2 Scribner Dower, 151. One partner cannot claim an exemption out of his share in the joint estate while it remains unsevered. *Russell v. Lennon*, 39 Wis. 570; *s. c.*, 20 Am. Rep. 60; *Pond v. Kimball*, 101 Mass. 105. The administrator was properly charged with interest on the amount of his purchase, and on all sums illegally paid out by him. The matter of charging interest is one resting in the discretion of the probate court, and its findings will not be disturbed unless it is affirmatively shown by the record that it has been abused. 62 Mo. 450; *Strong v. Wilkson*, 14 Mo. 116; 49 Mo. 37.

NORTON, J.—This is a case arising on exceptions made

by defendant Wrightsman to the final settlement of plaintiff Julian, as administrator of the partnership estate of W. D. Proctor & Son. The cause was tried in the probate and common pleas court of Greene county, and a balance of $605.73 was found to be in the hands of plaintiff as such administrator, which he was ordered to pay over to Wrightsman, he being the only creditor of the estate. From this finding and judgment the plaintiff appeals to this court.

It appears from the record that William D. Proctor, of the said firm of Proctor & Son, died leaving a widow, and that plaintiff Julian was the administrator of the individual estate of said Proctor, as well as the partnership estate of Proctor & Son; that the assets of the individual estate amounted to about $101; that the assets of the partnership estate amounted, as shown by the sale-bill, to $2,175.97; that the partnership debt due the exceptor, Wrightsman, was the only debt against the partnership estate, and that it was in excess of the assets of said estate, amounting to $2,845. It also appears that the probate court made an order directing the administrator of the individual estate to pay to the widow of said Proctor $250 for her year's support, and that said amount, together with other sums, was paid her, not out of the assets of the individual estate, but out of the assets of the partnership estate. For the amounts so paid, plaintiff, as the administrator of the partnership estate, claimed credit on his said final settlement, which credits the court disallowed, and charged the same to the administrator with interest thereon, and the action of the court in this respect is claimed by plaintiff to be erroneous. It is well settled that partnership assets must first be applied to the payment of partnership debts, and that until they are paid, neither the widow of an individual partner nor the individual creditors have any claims upon them. The record shows that the partnership assets in plaintiff's hands were not sufficient to pay the partnership debts, and under the authority of the following cases, (*Duhring v. Duhring,* 20 Mo. 174; *Willet*

*v. Brown,* 65 Mo. 138; *State ex rel. v. Spencer,* 64 Mo. 355,) the court was fully justified in disallowing the credit claimed, and it being a clear misapplication and misappropriation of the assets, the administrator was properly chargeable with interest, under the authority of the following cases: *Clyce v. Anderson,* 49 Mo. 37; *In re Davis,* 62 Mo. 450.

The record also shows that the plaintiff bought at the sale partnership property amounting to something over $300, and that the court charged him interest on the amount. It is insisted that this was error. In the settlements made by the administrator he had not accounted for any interest, and it was properly charged to him on the amount of his purchase, as if on money belonging to the estate and used by him for his own purposes.

Other items claimed as credits aggregating about $61, were properly disallowed, the largest being for $22.20, which the evidence showed had been credited in a former settlement, and the evidence as to the other items equally demanded their rejection. Judgment affirmed, in which all concur.