YOUNG v. THRASHER, *Appellant.*

Division One, March 25, 1893.

1. **Widow**: DOWER: STATUTE. A widow under the statutes of this state is entitled to dower in all lands of which any person was seized to the use of the husband during the marriage.

Young v. Thrasher.

2. **Partnership Property:** TRUSTS: FIRM DEBTS. Partnership property is held in trust for the payment of the firm debts and for the security of the partners *inter sese* for advances made in the interest of the firm, and no individual partner owns in severalty any specific part of the property.

3. **Partnership Lands:** DOWER. Partnership lands are regarded as personalty and are not subject to dower until the firm creditors and debts due the partners among themselves are satisfied.

4. ———: ———. Land purchased by a firm of attorneys at law for the purpose of re-selling at a profit will be treated as personalty, so far as may be necessary to settle the partnership affairs, and the right of dower is subject to the firm debts.

5. ———: ———. A sale by one partner to his co-partner of an interest in land worth $2,500, when the only debt unpaid on the partnership account is one of $32.45 due from the selling partner to the co-partner, will not bar the dower of the selling partner's widow where such sale is not necessary for the payment of the partnership debt.

6. **Dower:** DAMAGES. Where the husband of a dowress alienates the land in his lifetime, the vendee, in an action for the dower, is properly chargeable with the increased productive value of the property (exclusive of that arising from improvements made by the vendee) resulting from its situation and other extrinsic causes.

7. ———: ———. An allowance for dower should not be made payable in advance.

*Appeal from Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

REVERSED AND REMANDED.

*White & McCammon* and *C. W. Thrasher* for appellant.

(1) The land in which respondent seeks to recover dower, having been held and treated by appellant and the husband of respondent as partnership property, of the co-partnership of Thrasher & Young, and, in the final settlement of said co-partnership, said land having been taken by appellant in payment of a balance due him from said co-partnership, respondent is not

entitled to dower therein. *Duhring v. Duhring*, 20 Mo. 174; *Mathews v. Hunter*, 67 Mo. 293; *Julian v. Wrightsman*, 73 Mo. 569; *Easton v. Courtwright*, 84 Mo. 27; *Priest v. Chouteau*, 85 Mo. 398, 407; *Cheesman v. Sturges*, 6 Bosw. 520; 5 American & English Encyclopedia of Law, 898, and notes; 1 Scribner on Dower [2 Ed.] 564, 566; *King v. Remington*, 29 N. W. Rep. (Minn.) 352, and note; *Clay v. Freeman*, 6 Sup. Ct. Rep. 964; *Dupay v. Leavensworth*, 17 Cal. 262. To convey partnership property the wives of the partners need not join in the deed, and any mode of sale which passes the title for the purpose of settlement between partners and payment of debts bars dower. *Simpson v. Leech*, 86 Ill. 286. And it is immaterial in equity who holds the legal title to partnership property. *Mathews v. Hunter*, 67 Mo. 293. To make real estate partnership property an express agreement to that effect between the partners is not necessary; if it was purchased with partnership funds, or funds that have been put into the partnership by the partners, and has been treated and used as partnership property by the partners, it is sufficient. *Willet v. Brown*, 65 Mo. 138; *Duhring v. Duhring*, 20 Mo. 174. (2) To entitle a widow to dower in an equitable estate of her husband under section 4513, Revised Statutes, 1889, the equity of her husband must be full and complete, such as would constitute a resulting trust in his favor, and without any further acts on his part entitle him to a decree vesting in him the legal title. And even if the land in which respondent seeks to recover dower was not partnership property of the co-partnership of Thrasher & Young, under the facts disclosed by the record as to how said land was paid for and held, respondent's husband did not at any time have such an interest in said land as to entitle him to a decree vesting in him the legal title thereto, as against appellant; and respondent as his

widow, having no greater interest than her husband under whom she claims, is not entitled to dower therein. *Worsham v. Callison*, 49 Mo. 206; *Duke v. Brandt*, 51 Mo. 221; *Davis v. Greene*, 102 Mo. 170; *Nicholl v. Todd*, 70 Ill. 295; *Pugh v. Bell*, 2 Mon. [Ky.] 125; 5 American & English Encyclopedia of Law, 896, and notes; 1 Washburn on Real Property [5 Ed.] pp. 233, 234, sec. 13, and authorities there cited. (3) The interest of the husband of respondent in the land, on which she seeks to recover dower, having been at most only an equitable interest, which he alienated in his lifetime, respondent is not entitled to dower therein. *Duke v. Brandt*, 51 Mo. 225; *Morse v. Thorsell*, 78 Ill. 600; *Hamilton v. Smith*, 6 J. J. Marsh. 582; *Lewis v. Moorman*, 7 Porter, 522; *Butler v. Holtzman*, 55 Ind. 125; *Junk v. Cannon*, 34 Pa. 286; *Barnes v. Gay*, 7 Iowa, 26; *Gully v. Ray*, 18 B. Mon. [Ky.] 107; *Wheatley v. Calhoun*, 12 Leigh. (Va.) 264; 5 American & English Encyclopedia of Law, 896–897; 1 Scribner on Dower [2 Ed.] 442; Tiedeman on Real Property, sec. 126. The general rule is that a widow can only be endowed in equitable estates of which the husband dies seized; and that an alienation of such an estate by the husband during his lifetime bars dower. (4) The court below erred in admitting the testimony offered by respondent and objected to by appellant; and in excluding the testimony offered by appellant; and in giving instructions asked by respondent, and refusing instructions asked by appellant; and in giving instructions of its own motion on the trial assessing damages and yearly value of dower of respondent. *Thomas v. Mallinkrodt*, 43 Mo. 468; *O'Flaherty v. Sutton*, 49 Mo. 583; *Griffith v. Regan*, 79 Mo. 73. (5) The court below erred in overruling appellant's motions for new trial and in arrest of judgment. (6) The judgment

of the court below is erroneous in ordering the yearly allowance to respondent in lieu of dower for the first year, to be paid on the same day said judgment was rendered, to-wit, April 7, 1890, and also in rendering judgment for six per cent. interest on each and every future yearly allowance to respondent in lieu of dower, from the date of said judgment, April 7, 1890, during the natural life of respondent. Revised Statutes, 1889, sec. 4544. This judgment in not conforming to the provisions of the statute, under which it was rendered, by its terms, takes away rights from appellant not authorized by law, and for this reason is erroneous, and should be reversed. *Jones v. Hart*, 60 Mo. 351.

*Haseltine Bros.* for respondent.

(1) Dower in Missouri is a clear legal right, and is the provision made by law for the widow when she most needs assistance. *Hall v. Smith*, 103 Mo. 289; Revised Statutes, secs. 4513, 4525, 4535. And in Missouri there is dower in equitable estates. *Davis v. Evans*, 102 Mo. 164. (2) To make land partnership property it must be purchased with partnership funds and for partnership purposes, and be used in partnership business, facts which are not pleaded or proven in this case. 1 Lindley on Partnership [2 Am. Ed. Ewell] bottom p. 753, top star p. 332, and cases cited; *Price v. Hicks*, 14 Fla. 565; *Russell v. Miller*, 26 Mich. 1. (3) And the appearance of the lot with the profits and expenses upon the partnership books does not make it partnership property. *Grabbs' Appeal*, 66 Pa. St. 117. (4) Real estate does not become partnership property because owned by members of the firm doing partnership business upon it. *Ware v. Owens*, 42 Ala. 212; *Pecot v. Armelin*, 21 La. Ann. 667. (5) Conveying land to partners, which may afterwards be used for

partnership purposes, does not make it partnership property.    *Griffie v. Maxey*, 58 Tex. 210.    There is dower in land sold by partners to third persons.    *Bowman v. Bailey*, 20 S. C. 550.

MACFARLANE, J.—This suit is by plaintiff as widow of Henry C. Young, deceased, for the assignment of dower in the undivided one half of the north half of lot 24, in block 6, in the original town of Springfield, Greene county, and for damages for the deforcement thereof.

The petition charged that Henry C. Young, the husband of plaintiff, and defendant C. W. Thrasher on the twenty-first day of August, 1879, purchased of James C. Fargo the said north one half of lot 24, block 6, each paying one half the purchase money thereof. That the title deed to said lot was taken in the name of defendant for the purpose of secretly and fraudulently depriving plaintiff of her dower in the half interest of her husband therein.    That afterwards in August, 1883, defendant bought from plaintiff's said husband his half interest in said property, paying him therefor $2,500.    That her said husband died in February, 1886, and that she had then never relinquished her dower in said lot.

The petition contained a charge that subsequent to the death of her husband plaintiff had been wrongfully induced by defendant to execute to him a deed of release to said land and she asked that the same be set aside, that dower be assigned, and damages be awarded her.

Defendant, by amended answer, waived all claim under the deed of relinquishment from plaintiff and consented that the same might be set aside.    To the other allegations of the petition the answer was a general denial.

The evidence on the trial showed that defendant Thrasher and Henry C. Young, the husband of plaintiff, were partners engaged in the practice of law in Springfield from 1876 to some year or two prior to August, 1883, at which date a final settlement was made.

On the fourth day of December, 1876, the lot in question was conveyed by James C. Fargo to the said Young for the purpose of making a sale and conveyance of the same. On July 1, 1879, he sold at public sale and defendant bought the lot subject to the approval of the owner. The sale was not approved and consummated until August 2, 1879. The purchase price was $1,750. Between the date of the sale and the final approval by the owner an agreement was entered into between Thrasher and Young, that the latter assist in raising the money to pay for the lot. They agreed with one Holland to take a third interest at $800, which amount was paid. The title was made to defendant. They borrowed $1,000, for which they gave their note, signed by each individually, and defendant gave a deed of trust on two thirds of the lot to secure the payment. This $1,800 paid for the lot and the balance went "into partnership matters." In March, 1880, Holland declining to take the land, his third was sold to Milner, to whom defendant made a deed dated March 30, 1880.

On March 30th, defendant borrowed $2,000 on his own note and deed of trust upon the property and paid off the other notes, and received credit from the partnership.

It was not shown definitely when the dissolution of the partnership occurred. A final settlement dated August 3, 1883, was read in evidence. But few items of partnership business appeared on this settlement subsequent to 1881. A settlement of private accounts between them was also put in evidence; the items of

this account commenced about the first of the year 1882. Young left the state about the first of the year 1882, and the firm did no new business after that.

The settlement of the partnership affairs showed a balance due from Young to defendant of $32.45, and on private account $687.30. On this day defendant gave Young $2,500 for his interest in the lot. The balances were settled, and defendant gave Young his notes for the difference.

Defendant testified that when Young agreed to join him in paying for the property it was agreed that "whatever we could make on that lot we would consider in the nature of our business, as we were partners then, and divide it between us." In the statement of final partnership account each party was charged with one half of the purchase price. A charge for rents of property received by Young also appeared. A letter from defendant to Young dated September 19, 1882, was read in which was said: "You speak about letting me have the lot on the square. Please when you write to me say what price you put upon it, and I can then tell whether I can take it."

Defendant was the administrator of Henry C. Young, and the inventory described two tracts of land in which the title was held in the name of the defendant, "one undivided half in trust for Henry C. Young, deceased."

I. Under the statutes of this state every widow is entitled to dower in all lands of which any person was seized to the use of the husband during the marriage. Revised Statutes, 1889, sec. 4513; *Davis v. Evans*, 102 Mo. 164; *Davis v. Green*, 102 Mo. 170. There can be no doubt then that plaintiff is entitled to dower in this lot, though the legal title was held by defendant, unless a right of dower never attached for the reason that the lot was held and disposed of as partnership property.

The purchase price was fully paid and the equity of Young was complete, being only subject to the settlement of partnership affairs.

II. Partnership property is held in trust for the payment of the partnership debts and the security of the partners respectively among themselves for advances made in the firm interest, and no individual partner has a right in severalty to any specific part of the property. The estate of the wife in the realty of the husband is derived from him and is subject to all the trusts and incumbrances existing against it at the acquisition of his title. Hence real estate of a partnership becomes charged in equity with this trust to which the dower right of the wife is subject. This is the recognized American doctrine. Scribner states the rule thus: "In equity, partnership lands are regarded as personalty, and not subject to dower until the firm creditors and the debts due the several partners as among themselves are fully paid. As a consequence of this rule, a claim for dower on the part of the widow of one of the partners is postponed until the partnership affairs are adjusted." 2 Scribner on Dower, 163; Parsons on Partnership, sec. 112; Tiedeman on Real Property, sec. 245; 1 Lindley on Partnership, star p. 333; *Simpson v. Leech,* 86 Ill. 287; 5 American & English Encyclopedia of Law, 898; *Huston v. Neil,* 41 Ind. 507.

While there may have been some diversity of opinion elsewhere, it has ever been held in this state, according to the general rule above stated, that real estate purchased by partners for firm purposes and paid for out of the partnership funds, is, in equity, to be treated as personal property as far as may be necessary in order to settle the partnership affairs. As is said: "The policy of the law and principles of justice are against the rights of the wife to dower in such

lands where they are necessary to pay the demands of the firm." *Duhring v. Duhring*, 20 Mo. 180; see also *Carlisle's Adm'rs v. Mulhern*, 19 Mo. 56; *Willet v. Brown*, 65 Mo. 144; *Matthews v. Hunter*, 67 Mo. 295.

III. No reason can be seen, and none we think exists, why a firm of lawyers engaged together in the practice of their profession · could not extend their business to and include that of buying and selling real estate for the profits that might be realized. In such a business losses may be incurred, obligations may be created, money may be advanced by one partner in the common enterprise, as in any other business. All the reasons which require that the real estate bought or held by the firm should, in equity, be treated as personal property exist, which require that character of property to be so treated when used in the firm business for a store or factory.

In a recent case in Alabama it was held that where a firm is engaged in real estate business its lands will be considered as personalty, and a bond for a title executed in the firm name by one partner, without the consent of the other, binds the firm and will be enforced against both. *Rovelsky v. Brown*, 92 Ala. 522, citing *Thompson v. Bowman*, 6 Wall. 316; *Ludlow v. Cooper*, 4 Ohio St. p. 1; *Olcott v. Wing*, 4 McLean, 15; *Pugh v. Currie*, 5 Ala. 446; *Frost v. Wolf*, 77 Tex. 455; 1 Bates on Partnership, secs. 298, 299. The court in conclusion says: "Our conclusion is that partnership real estate is, in equity and for partnership purposes, to be treated as personalty; and that one member of a partnership engaged in the business of buying and selling real estate can bind the firm by contract in the firm name for the sale of partnership land, and that such contract should be specially enforced against all the partners. The conclusion does not involve a disregard of the rule laid down in *Lang's*

*Heirs v. Waring*, 25 Ala. 640; for the conversion into personalty is only so far as may be called for to effectuate the purposes of the partnership; and when the partnership has come to an end, and its purposes have been fully accomplished, the real estate resumes its legal characteristics." See also *Mallory v. Russell*, 71 Iowa, 63.

IV. As the real estate of a partnership is only treated as personalty in order to protect the equitable rights of the creditors and partners, it follows that when that purpose has been fully accomplished what may remain undisposed of will resume its characteristics of realty. *Holmes v. McGee*, 27 Mo. 598; *Lang's Heirs v. Waring*, 25 Ala. 625; *Lenow v. Fones*, 48 Ark. 557; Tiedeman on Real Property, sec. 246; Scribner on Dower, 575. "The now unanimous American doctrine is, that, after the partnership demands are satisfied, the unexhausted surplus is real estate, * * * hence, in this country the widow has dower out of a partner's share in the surplus, and the share goes to the heir and not to the executor." 1 Bates on Partnership, sec. 297.

V. We think it conclusively follows from the application of the facts to the foregoing principles of law that this lot was held by defendant for the purposes of the partnership with a view of renting, selling and dividing the profits, and was charged with a trust in favor of the creditors of the firm and the individual members among themselves until the partnership came to an end and its affairs were fully settled, after which it again resumed its character of real estate and plaintiff's inchoate right of dower in her husband's interest immediately attached, unless a sale was first made.

VI. This leads us to the consideration of the question whether the sale by Henry C. Young of his interest to defendant had the effect of freeing that

interest from the plaintiff's right of dower.    There is
no doubt the right of a widow to dower in the lands of
her deceased husband is much favored by our law.    It
has been said that, "In order to exclude it under a will,
the instrument itself ought to contain some provision
inconsistent with the operation of such legal right."
Story's Equity Jurisprudence, sec. 1088; *Pemberton v.
Pemberton*, 29 Mo. 408.

On the same principle, we think, it should be
made very clearly to appear, in order to defeat dower,
that a sale of partnership realty made after a firm had
ceased to do business was necessary in order to pay the
debts and liabilities of the firm.

This firm ceased to do business as such some time
during the year 1881, and the settlement was not made
until August 1, 1883.    As one item of the partnership
account Young was charged with rents on the lot col-
lected from August, 1879, to January, 1881, $116.65.
No other item of rent of this property appears, though
a witness testified that a hardware company rented
from defendant and Milner and paid rent to them;
when, does not definitely appear.    A letter was written
by defendant to Young in September, 1882, proposing
to buy his interest in the lot and asking the price.
Defendant held other partnership real estate, one half
in trust for Young.    The final settlement made nearly
two years after the firm quit business showed a balance
due from Young to defendant of the insignificant sum
of $32.45, while each partner was credited by over
$7,000.    We are convinced that to pay this balance
the sale was not necessary.    The ground rent of this
property in 1880 was about $7 per month, and on the
trial a low estimate of the third interest was $50 per
month.    The rents for the years 1881 and 1882 were
not accounted for.    Other real estate was also rented
as appeared from the settlement.    It would be absurd

to say that Young individually would not have paid. the balance due, or that the rents of this and other property held in common would not have realized enough to settle this small difference.

The right of the partners to appropriate the real estate of the firm to the satisfaction of the liabilities. among themselves to the exclusion of dower is authorized only on principles of equity as has been seen. It. would be most unfair and inequitable to a widow and. her rights to allow land worth. $2,500 to be sold to secure to one partner an equitable right valued at $32. The right of Young to make the sale and of defendant. to purchase is not questioned. This did not depend upon the character of the estate. We do say that it is. inequitable and contrary to the spirit of our statute, which so jealously guards the right of dower to allow this sale to defeat the right to dower in the whole land when so small an interest would have satisfied the debt.

We think the court correctly held that plaintiff was entitled to dower in the undivided one third of the lot in question.

VII. The assessment of damages and the yearly value of the dower was made by a jury. The evidence tended to prove that improvements had been made upon the lots after Young sold his interest, valued at. $5,000 to $6,000, and that the rental value of the property exclusive of improvements was $1,800 per year. The court instructed the jury, in substance, that they should allow plaintiff as damages one ninth of such value as defendant could by fair management have realized for the same from the commencement of the suit after deducting taxes, and not including the rental value of the improvements thereon, and for future years, one ninth of the present yearly value of said ground rent in the present condition and use of the

premises, not including the rental value of the improvements thereon.

This was the theory upon which the court acted in *Griffin v. Regan*, 79 Mo. 75, which under the facts in judgment was approved, and in the later case of *Rannels v. Washington University*, 96 Mo. 233, BLACK, J., thought the rule worked out substantial justice in the case in which it was applied. Here the land was shown to have been three times the value of the improvements and had an independent rental value without reference thereto. There was no evidence that the productive value of the lot itself was increased by the improvements put upon it, as was the case in the *Washington University case, supra*. Here the increased productive value of the lot resulted from the growth of the city and the business in the locality of the lot, and other extrinsic causes, and the damages and yearly value were properly assessed to plaintiff according to such value.

VIII. The jury assessed the yearly value of dower at $200, besides damages. The judgment was entered April 7, 1890, and in reference to the yearly value adjudged that plaintiff recover from defendant the "further sum of $200 annually from and after the seventh day of April, 1890, payable on said date, and on the same day in each succeeding year, with interest thereon at six per cent. during the natural life of plaintiff in lieu of dower in the premises," etc. We think the court erred in requiring the installments of yearly value payable in advance.

Plaintiff, recovered damages to the day this judgment was rendered, and was given judgment on the same day also for one year's allowance in lieu of dower. This required the payment of such allowance before it accrued, and was improper, particularly as the right to

the allowance was limited to the lifetime of plaintiff. See section 4557.

The judgment ought to be modified so as to make the allowance payable at the end of the year, and it is accordingly reversed and the cause is remanded with directions to make the modification.    All concur.