CARLISLE'S ADMINISTRATORS, Appellants, vs. MULHERN & KEYSER, Respondents.

1. Under the new practice, a court trying a cause without a jury need not set out in its finding those facts admitted in the pleadings.

2. Where two partners purchased a leasehold with partnership funds, and gave a deed of trust upon it, and after the death of one of them, the lease was sold under the deed of trust, *it was held*, that the lease was to be treated as partnership property, so as to entitle the surviving partner to administer the deceased partner's share of the surplus, after paying the debt, and not the administrator.

*Appeal from St. Louis Court of Common Pleas.*

*Lackland* and *Jamison*, for appellants. 1. The court below erred in not stating all the material facts admitted by the pleadings to be true, and those proven on the trial. New Code, art. 15, sec. 2. *Gobin* v. *Hudgens*, 15 Mo. Rep. 400. *Brant* v. *Robertson*, 16 Mo. Rep. 140. 2. The leasehold estate was held by the lessees as tenants in common. The lease was made to them in their individual names. 2 Randolph's Rep. 187. 5 Mo. Rep. 507. 15 J. R. 160. 5 Ohio Rep. 264. 3. If, however, the leasehold was in fact partnership property, yet, as the lease was to the partners as individuals, and the surviving partner has suffered the appellants to pay one half of the ground-rent and taxes with the money of the estate of the deceased, he cannot now be permitted to show that it was partnership property.

*T. T. Gantt*, for respondent. The court below found that the property sold by the trustees was, as to Carlisle & Keyser, partnership property, and that the partnership affairs were unsettled. The decision was a clear deduction from the facts found, and the finding is supported by the evidence.

GAMBLE, Judge, delivered the opinion of the court.

Carlisle & Keyser being partners, doing business in St. Louis, became interested in a lease of real estate in the city as partners, improved the same out of their partnership funds, and continued to hold the same as partnership property until the death of Carlisle, whose administrators bring this suit. While both were alive, they gave a deed of trust on the property, to secure a partnership note, the defendant, Mulhern, being the trustee. After the death of Carlisle, Keyser, the surviving partner, continued to administer the effects of the firm. The note secured by the deed of trust not being paid, the trustee, after the death of Carlisle, sold the property in pursuance of the power given him, and upon that sale there was a surplus in his hands after paying the note. The controversy is about this surplus, which has been paid over to Keyser, Carlisle's administrators claiming one half of it as the money of their intestate, and Keyser, the remaining partner, claiming that it is partnership funds, which he is entitled to administer and with which he claims the right to pay the partnership debts. The liabilities of the firm exceed its assets, and Keyser is in advance to the firm to a considerable amount. The affairs of the firm are not settled.

1. It is objected to the judgment in this case, that the court has not, in its decision, stated all the material facts in the case. This objection, it is understood, is intended to present the question whether the court, when trying a case without a jury, shall state, in its decision, the facts admitted in the pleadings of the parties, as well as those controverted and found upon evidence.

It might be very convenient to this court to have all the facts upon which the judgment is founded, embodied in the decision of the court, but it is not necessary to a proper understanding of the grounds of the judgment, that the facts which the parties have admitted should be again spread upon the record in the shape of a finding by the court. The pleadings are themselves parts of the record, and if it appear that the judgment is a correct conclusion upon the whole case, as made by the pleadings and finding, it will not be reversed.

2. It is objected that in this controversy it cannot be shown that the leasehold property was partnership property, because the lease is made in the name of the individuals composing the firm of Carlisle & Keyser. There is nothing in this objection. The evidence does not contradict or even vary the effect of the written instrument, but tends to charge the property with a liability to the debts of the partnership, because of the character of the funds with which it was obtained and improved, and the manner in which it was held and used by the partners themselves.

It is next insisted that, as the lease in this case was made to David Carlisle and Rufus Keyser, in their individual names, it was not partnership property. It appears sufficiently that these partners, being brick makers and brick layers, acquired their interest in the property by the advance of partnership money, as an investment of so much of their partnership funds, to be held for their joint benefit.

There has been some contrariety of decision in the English and American courts, upon the question of whether freehold estates in land, purchased by a partnership with their joint funds, become partnership property, to be treated as a fund for the payment of partnership debts. Without a labored examination of these decisions, the result of the authorities may be stated to be, that real estate, purchased out of partnership funds, to be used and applied to partnership purposes, and considered and treated by the partners as part of the partnership stock, is to be deemed and considered, so far as the legal

title is concerned, as estate held in common and not in joint tenancy ; but as to the beneficial interest, it is held in trust, each holding his property in trust for the partnership, until the partnership account is settled and the partnership debts are paid. It is a trust arising from the actual or implied agreement of the parties, and from the mutual relation in which they stand to each other. The rule of holding it a trust estate in regard to the partners, is founded on the equity of the surviving partner, who being chargeable with all the debts of the firm ought to have the control of all the assets ; first, for the payment of the debts of the firm, and secondly, for the restoration to himself, on settlement of the partnership accounts, of that part of the capital which has been contributed by him to the common stock. The true and actual interest of each partner in the common stock, is the balance found due to him after the payment of the debts and the adjustment of the partnership account.

In the present suit, which, under our code, is to be decided upon equity principles, the facts that the partnership accounts are unadjusted, that the debts of the partnership exceed its assets, and that Keyser, the surviving partner, is largely in advance to the firm, render the claim of the representatives of Carlisle to the surplus produced by the sale of the property, inequitable and inconsistent with the relations existing between the partners when this property was acquired. It may be further remarked, that the property out of which this surplus arose, was not freehold but leasehold, and, therefore, upon the death of Carlisle, it should be treated as other personalty of the firm, in making distribution of it among the partners, or between the surviving partner and the representatives of a deceased partner. Collyer on Part., sec. 136.

Certain leasehold estates are treated by our statutes as real estate, liable to dower, &c., while others are treated as personalty. This lease being for ten years only, is of the latter class.

The judgment of the Court of Common Pleas is, with the concurrence of the other judges, affirmed.