[No. 9,477.  Department Two. — July 18, 1884.]

## JOHN ROBARTS, RESPONDENT, v. SALISBURY HALEY, APPELLANT.

TRUST—ATTORNEYS AT LAW.—The plaintiff and defendant were employed as attorneys at law in certain litigation, for which they were to be paid a reasonable compensation. In consideration of the services rendered by them, the defendant, during plaintiff's absence from the State, procured from the client a deed to himself for certain valuable lands. No copartnership existed between plaintiff and defendant, but there was a joinder of interests, and this action was brought to compel the defendant to execute to plaintiff a deed conveying an undivided one half of the property. *Held,* that a trust resulted to plaintiff, and he was entitled to the relief demanded.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts appear in the opinion of the court.

*Bicknell & White,* and *F. H. Howard,* for Appellant.

*J. G. Howard, Brunson & Wells, Smith & Hupp,* and *W. D. Stephenson,* for Respondent.

THORNTON, J. — The complaint is sufficient in its statement of facts to constitute a cause of action.

The court rendered the following decision:—

"I. On the 2d day of November, 1880, plaintiff and defendant were attorneys and counselors at law, admitted to practice as such. On that day they were, by a written document for that purpose made, employed by Aurelio W. Sepulveda, Ramon D. Sepulveda, and Rudicinda F. Sepulveda, in any and all suits that were then or might thereafter exist, in the courts of this State in the matter of the Rancho Palos Verdes, and to bring suits. At that time there was pending in the proper court an action for partition of said rancho, entitled, *Bixby et al.* v. *Bent et al.,* and the said Sepulvedas were parties defendant thereto.

"II. In pursuance of said written employment, plaintiff and defendant rendered services as attorneys at law in said action, by reason of which services said Sepulvedas prevailed in the final determination of said suit, and the lands claimed by them were partitioned, allotted, and set apart to them by final decree in said action of partition; and said Sepulvedas thereupon became obligated to pay to said attorneys a reasonable compensation for such services.

"III. On the 15th day of November, 1882, while plaintiff was absent from the State of California, the defendant procured from said Sepulvedas a deed of conveyance, conveying to him, the said Haley, the lands described in paragraph five of the complaint herein, and which lands were a part of the lands saved and allotted to said Sepulvedas in the said partition suit of *Bixby et al.* v. *Bent et al.*

"IV. At the time of the execution and delivery to defendant of said deed, and contemporaneously therewith, said defendant executed and delivered to Sepulvedas a written document, in words and figures as follows, to wit:—

"'Los Angeles, November 11, 1882.

"'I have received from Aurelio, Ramon, and Rudicinda Sepulveda full pay and satisfaction for services, under contract of 1876, to defend their interest to one fifth of Rancho Palos Verdes against the claim of Santiago Johnson, heirs, and assigns, in the partition suit of *Bixby et al.* v. *Bent et al.,* and the conducting partition suit. I have to pay the attorneys that I employed to assist me, to wit, F. H. Howard, successor of

Howard, Brousseau & Howard, and Eastman, Haley, King & Robarts; Eastman, being attorney of record for plaintiffs, is to have no part in the matter, his name being to the complaint of *Sepulveda* v. *Sepulveda*, a bill in equity to force the legal title out of José L. and Juan Sepulveda. I have also surrendered a claim of two hundred dollars, cash advanced in costs, etc., and acknowledged full satisfaction of all claims and demands held or claimed by me, and by the firm of Eastman, Haley, King & Robarts, or F. H. Howard, and I hereby agree to save said parties to whom I give this receipt harmless from all claims which said Robarts may have or urge against them, or either of them, in or about the litigation above referred to.

"'SALISBURY HALEY.'

"V. At the date of said written employment of plaintiff and defendant, to wit, November 2, 1880, all former agreements between the said Sepulvedas and their attorneys, including defendant, were annulled and set aside, and said written retainer constituted the only contract under which the litigation of *Bixby et al.* v. *Bent et al.* was thereafter conducted by plaintiff and defendant, and said deed was executed by the said Sepulvedas, and received by said Haley in full satisfaction for all services rendered under and in pursuance of said retainer of plaintiff and defendant, and the land so conveyed was then, and now is, of the value of fourteen thousand nine hundred and seventy-nine dollars.

"VI. Since the execution of said deed the defendant has received rents and profits from said lands of the value of three hundred dollars, all of which he has appropriated to his own use.

"VII. Plaintiff, before the commencement of this action, demanded of defendant a conveyance to him of an equal undivided one half of the said land deeded to him as aforesaid, and defendant refused to comply with said demand.

"VIII. There was never any undertaking between plaintiff and defendant, or between the parties hereto and the said Sepulvedas, that either demand of plaintiff or defendant should be settled by the said Sepulvedas separately, or that plaintiff was to be paid independent of the compensation demanded or received by defendant.

"IX. During the pendency of the said partition suit of *Bixby et al.* v. *Bent et al.*, defendant laid out and expended for and on behalf of said Sepulvedas, in procuring evidence, and for other purposes, two hundred dollars and no more.

"X. F. H. Howard, an attorney at law, was employed to assist the parties hereto, in the management and trial of said action, and did so assist, and for which services Haley paid him the sum of twelve hundred dollars, which sum was a reasonable compensation for his services rendered.

"XI. On the third day of November, 1880, the law firm of Eastman, Haley, King & Robarts, of which firm the parties hereto were members, commenced a separate action for said Sepulvedas in the Superior Court of Los Angeles County against Juan and José Loreto Sepulveda, then co-defendants in said partition suit, which said action of *Sepulveda et al.* v. *Sepulveda et al.* was subsequently, by order of the court, consolidated with *Bixby et al.* v. *Bent et al.*, and tried at the same time. In that action of *Sepulveda* v. *Sepulveda*, J. G. Eastman was not entitled to any fee or compensation by reason of having before been an attorney of record for plaintiff in said partition suit, and no compensation was ever paid to him by reason of said action. On the trial of said new action of *Sepulveda* v. *Sepulveda*, so consolidated with *Bixby et al.* v. *Bent et al.*, plaintiff and defendant rendered services to said Sepulvedas under and in pursuance of their former written retainer of November 2, 1880, and neither of them received any compensation therefor, except as made by the said conveyance of Sepulvedas to Haley, of November 15, 1882, and their services so rendered were a part of the consideration for the execution of said deed. That the said A. J. King agreed to receive four hundred dollars in full for his services in said new action of *Sepulveda* v. *Sepulveda*, for the payment of which sum defendant has become personally liable.

"XII. The written authorization and retainer of November 2, 1880, was drawn up and written by the defendant himself, and was not in violation of any understanding had with the law firm of Eastman, Haley, King & Robarts, and the contents of said writing was fully known to defendant before signing.

"XIII. That the conveyance by the defendant to the wife of plaintiff, of certain property set up in the answer, was a separate matter, entirely distinct and unconnected with any of the transactions relating to the Sepulveda litigation, or any matter growing out of the same, and for said conveyance Haley received full, adequate, and valuable consideration, and the same was not in satisfaction of any claim or demand of plaintiff of, or in, or concerning the litigation relative to the Rancho Los Palos Verdes, or the partition thereof."

As conclusions of law the court finds:—

"*First*—That defendant holds said lands conveyed to him November 15, 1882, by the Sepulvedas, one undivided half in his own right, and one undivided one half in trust for plaintiff.

"*Second*—That he is chargeable with the sum of three hundred dollars, received by him as rents and profits.

"*Third*—That he is entitled to contribution from plaintiff for one half of the money hereinbefore found to have been paid out by him, stated as follows:—

"To F. H. Howard............................................... $1,200
"Cash laid out and expended in *Bixby* v. *Bent*...........   200
"And assumed by defendant to pay to King...............   400
                                                        ———————
                                                         $1,800
"From this deduct rents received...........................   300
                                                        ———————
"Leaving a balance of....................................... $1,500

"That upon the payment of one half the said sum of fifteen hundred dollars, that is, of seven hundred and fifty dollars, by plaintiff to defendant, plaintiff is entitled to have and receive of and from defendant a deed of conveyance conveying to him an undivided one half of all the land described in the deed of conveyance from said Sepulvedas to said Haley of date November 15, 1882.

"*Fourth*—The plaintiff is entitled to his costs."

The findings show that the defendant received the land conveyed to him for plaintiff and himself for services rendered by them as attorneys. (Finding V.)

This finding, there being nothing in the facts found showing the contrary, plainly indicates that the land was acquired and

held by Haley for the joint benefit of plaintiff and himself. This is in accordance with the averments of the complaint, and the law directs such a construction of the finding: The first conclusion of law so determines the legal rights of the parties.

The defendant's contention that there is no joinder of interests of plaintiff and himself is unsustainable under the facts found. The allegations of the complaint set forth a joint interest, and the facts found establish it.

The defendant having received the conveyance for plaintiff and himself, he is bound in good conscience to transfer to plaintiff his interest. A court of equity will fasten this obligation upon the conscience of defendant, make him a trustee for this purpose, and compel him to do what he should do, that is, convey to plaintiff what he is entitled to have. This land here was purchased by professional services rendered by plaintiff and defendant under a contract made with them; the conveyance having been made to the defendant under these circumstances, a trust results to the plaintiff by operation of law. (*Shoemaker* v. *Smith*, 11 Humph. 81; Civ. Code, §§ 1572, 1573.)

It is no answer to this, that Haley having acted without authority in procuring the conveyance as far as regards plaintiff's interest, that plaintiff has still recourse to the parties with whom the contract was made. He has also recourse against defendant. He can elect to proceed against either.

If any issues are not found upon, such issues are immaterial, in view of the facts found. The facts found sustain the judgment, and there was and is no necessity to go further and find on other issues.

There is no contradiction in the findings, and we find nothing to sustain the contention that the defendant is entitled to a judgment upon the pleadings and findings, or upon either pleadings or findings.

Judgment affirmed.

SHARPSTEIN, J., and MYRICK, J., concurred.

Hearing in Bank denied