CASE 27—PETITION EQUITY—JANUARY 24.

# Wilhite's Administrator v. Boulware.

### APPEAL FROM DAVIESS CIRCUIT COURT.

1. PARTNERSHIP REAL ESTATE.—If land has been bought with partnership money, and has been brought into the business of the firm and used for its purposes, it will be considered as partnership property. But even in this case it may be shown by distinct evidence that it was the intention of the members of the firm to hold it as real estate, in which each should have his interest in common with the others. If, however, the real estate was not paid for with partnership funds, but each partner purchased his interest and paid for it with his own funds, the presumption arises that the partners did not intend to hold it as partnership property. This presumption, however, may be rebutted.

   In this action, in which one of the two partners claims an equitable lien upon real estate claimed to be partnership property, as against one claiming a superior lien by virtue of a mortgage from the other partner, it appears that each partner held his individual interest in said property by a separate conveyance, which interest was paid for out of his own funds, and that each partner, after the partnership business ceased, used his interest in said property for his exclusive benefit, and mortgaged it as security for his individual liabilities. *Held*—That the real estate in question was not partnership property, and that the partner has no lien.

2. EVIDENCE AS TO TRANSACTION WITH DECEDENT.—While a surviving partner can not testify in his own behalf in relation to the state of the partnership accounts between him and his deceased partner, he may testify, in a controversy between others, in which he has no interest, as to whether or not real estate owned by the partners was partnership property.

THOMAS A. MARTIN FOR APPELLANT.

1. Real estate put into a partnership as capital stock, becomes partnership property, and is subject to the debts of the partnership. (Devine v Mitchum, 4 B. M., 489; Galbraith v. Gedge, 16 B. M., 633.)

2. A partner has a lien upon partnership property, as against the other partners, for advances. (Cromwell v. Sandige, 8 Dana, 273.)

W. N. & J. J. SWEENEY FOR APPELLEE.

   No brief in record.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant, as the administrator of W. M. Wilhite, brought this action in equity in the Daviess Circuit Court, against the appellee, C. Boulware, as the surviving partner of the appellant's intestate, for the purpose of obtaining a settlement of the partnership, which consisted in distilling whisky in Daviess county, Ky., and subjecting the alleged partnership property, consisting of nine acres of land and distillery and fixtures thereon, to the payment of the balance that the firm of Boulware & Wilhite was indebted to said Wilhite. The appellee, C. Boulware, in his answer denied, among other things, that said property was partnership property; but he and Wilhite owned each an undivided half of said property in common; that he had mortgaged his undivided half to the Deposit Bank of Owensboro; thereupon the Deposit Bank was made a defendant. The bank, in its answer, set up its mortgage on said property, and claimed that it was not partnership property, but was held by the members of said firm, Boulware and Wilhite, as tenants in common; also, if it should turn out that the property was, in fact, partnership property, it, at the time it took the mortgage, had no notice of that fact.

Afterwards the bank instituted its action against C. Boulware and M. Boulware, his surety, on the note executed by them to the bank, and also sought to enforce its mortgage lien upon said property. That action was consolidated with this one. Thereafter M. Boulware paid off said debt, and the bank, in consideration thereof, assigned to him said note and mort-

gage. He then claimed that he should be subrogated to the lien of the bank upon said property.

The lower court gave personal judgment against the appellee, C. Boulware, for one-half of the balance found due to the estate of W. M. Wilhite by the firm of Boulware & Wilhite, but refused to allow said sum as a superior lien to that created by the mortgage in favor of the bank. The administrator has appealed to this court.

The principle is universally recognized that at law real estate owned by a partnership, even if purchased in the name of the partnership, and with partnership funds, is held by the members of the firm as tenants in common, and is subject to all the incidents of land held in common. But in equity the partners may, by agreement, express or implied, impress real estate, which by law they owned in common, with a trust as partnership property, and render it, in equity, subject to the rules applicable to partnership property. Real estate may be thus impressed in equity in the interest of commerce, whereby an equitable trust is separated from the legal estate ; the latter is held and passes according to the law that controls such property held in common ; the former is held subject to the rules of personal property held in partnership. The trust, or equitable lien impressed upon such real property, is for the benefit of the partners alone, with the exception of such third persons as may be equitably entitled to be subrogated to the right of one partner as against the other.

It must, however, always be understood that the basis of this equitable trust or lien, is the agreement

and intention of the partners, which may be either express or implied. The agreement to hold such estate as partnership property may be expressed in the articles of partnership, or in the writing evidencing its purchase, or verbally. The agreement may be implied from the circumstances of the purchase, and conduct of the parties. If the land has been bought with partnership money, and has been brought into the business of the firm and used for its purposes, it will be considered as partnership property; but, even in this case, it may be shown by distinct evidence that it was the intention of the members of the firm to hold it as real estate, in which each should have his interest in common with the others.

On the other hand, if the real estate was not paid for with partnership funds, but each partner purchased his interest and paid for it with his own funds, the presumption, from these conditions, arises that the parties did not intend to hold it as partnership property, but as real estate, subject to all the incidents of a tenancy in common. This presumption, however, is rebuttable.

By applying the facts to the foregoing rules it will be seen that the real estate in question was not impressed with an equitable lien in favor of the appellant's intestate over that acquired by the mortgagee. The facts are that the real estate was not purchased with partnership funds; that each partner held his undivided interest in the land by a separate conveyance; that after making whisky one season, which ended in the spring of 1882, the partners, as a firm, ceased to make any more, and the appellant's intestate

that summer sold his half of the whisky to Thixton and Slaughter, and the appellee, C. Boulware, retained his half; that said intestate, that summer, rented his half of the land, distillery and fixtures to Thixton and Slaughter for the purpose of making apple-brandy, and the appellee sub-leased said half interest from them for the term of three years, and paid the intestate rent therefor; that the intestate, in August, 1882, mortgaged his undivided half interest to Monarch, &c., to secure his individual liabilities; that in 1884 the appellee mortgaged his half interest to Calhoon, &c.; in 1885 he mortgaged the same interest to the bank.

So we have the fact that each partner held his undivided interest in said property by a separate conveyance, which interest was paid for out of his own funds, as creating the presumption that the property was held and owned as real estate, and not as partnership property.

We have the further fact that each partner, after the partnership business ceased, used and enjoyed his undivided interest in said property for his exclusive use and benefit, and mortgaged it as security for his individual liabilities, thereby treating his interest as real property, not impressed with the trust or equities of partnership property.

It is also contended that C. Boulware was not a competent witness in his own behalf against his deceased partner. So far as his testimony was given in his own behalf in relation to the state of the partnership accounts between him and his partner, the objection was well taken; but these matters of account were settled

by the chancellor, and there is no serious contention about them here.

His testimony, however, in reference to the status of the real estate was not properly testimony in his own behalf, because his personal liability for one-half of the balance found due the intestate's estate was neither increased nor diminished by the decision of that question, nor was his property relieved from the burden of a lien by the decision of the question; the decision of the question in favor of the bank increased the lien burden. The contest in reference to the status of the property was between the appellant and the appellees, M. Boulware, and the bank. They, beyond question, were entitled to C. Boulware's evidence.

The judgment is affirmed.