## HARDIN v. HARDIN et al.

While the decree dismissing on the merits the complaint to have all the property belonging to an alleged joint enterprise, whether consisting of property wrongly appropriated by defendant and unaccounted for, or of property remaining as tangible assets in his hands, decreed to be held by him under a resulting trust, with a prayer for an accounting to ascertain what if any property had been so wrongly appropriated by him, would be a bar to a second action to have the property remaining as tangible assets in his hands decreed to be held by him under such a trust, except for the provision of the decree, "without prejudice to plaintiff's right to bring another action * * * to declare a resulting trust in" the properties described as tangible assets in defendant's hands, and is a bar to an action as to the other property, the second action being on part of the cause of action of the first, such reservation of right in decree,

even if erroneous, is res judicata as to the right to prosecute the second action.

A decree which, in dismissing the complaint on the merits, preserves the right to maintain a second action on part of the cause of action of the first, also preserves plaintiff's right to prove his cause of action by any competent evidence, though it be identical with that in the first action.

Existence of a partnership may be proved by parol evidence.

As between the partners there may be shown an interest in real estate existing through a partnership agreement resting in parol only.

An agreement of persons to explore the public domain and to discover and locate mining claims for their joint benefit is not within the statute of frauds.

Where, pursuant to an oral agreement between persons to explore the public domain and to discover and locate mining claims for their joint benefit, one of them locates a claim, either in his own name or in that of another of them, the one in whom the legal title vests holds it in trust for all of them; the agreement being before the location.

A trust in favor of a partnership results where real estate is bought with partnership funds for a partnership purpose, though the legal title be taken in the name of one of the partners.

Where the legal title to partnership property is held by one partner under a resulting trust in favor of the partnership, the specific aliquot interest or share of each partner therein is fixed and determined by the partnership agreement to share equally in the partnership property.

Under a partnership agreement that the partners contribute their time and joint labors to the promotion of the partnership business, and that all should share equally in the entire accumulations of the business, it is not necessary that the contributions of the partners be equal to entitle them to equal shares in the accumulations, but it is only necessary that each contributed his time and efforts thereto.

(Opinion filed December 14, 1910.)

Appeal from Circuit Court, Lawrence County. Hon. W. G. Rice, Judge.

Action by Charles S. Hardin against James D. Hardin and others. From an adverse judgment and order, the defendant named appeals. Affirmed.

*Martin & Mason,* for appellant.

Trusts are created by the express disposition of the parties, or they are implied by the courts from the words used in such express dispositions. There is another class of trusts *which result*

*in law* from the acts of the parties, whether they intend to create a trust or not, and they are aptly designated as resulting trusts. 1st Perry on Trusts, 5th Ed. par. 124; 3 Pomeroy Eq. Jur., par. 1030-1031. A trust results in partnership properties in favor of each partner; each partner is a trustee for the others. Betts v. Letcher, 1 S. D. 57. Where a second suit is based upon the same cause of action as a former suit between the same parties, all matters which might have been litigated are conclusively determined by a judgment upon the merits in the first suit. Howard v. City of Huron, 6 S. D. 180; Pitts v. Oliver, 13 S. D. 566; Selbie v. Graham, 18 S. D. 373; 23 Cyc., p. 1295-6. But where a second suit is based upon a different cause of action between the same parties, then the judgment in the first suit is a conclusive determination (a) of all the issues actually determined in the first action, and (b) of all issues without a determination of which the judgment could not be sustained. Mosteler v. Holburn, 20 S. D. 545, 114 N. W. 694; Pitts v. Oliver, 13 S. D. 568; 23 Cyc., pp. 1306-8. The cause of action in two suits may be different so as to prevent an estoppel, although the same relief be asked. On the other hand, if the causes of action in two suits are substantially the same, a difference in the relief sought will not prevent the judgment in one from operating as an estoppel in the other. 23 Cyc. 1169. An agreement between two or more persons to explore the public domain, and to discover and locate mining claims for the joint benefit of the contracting parties does not fall within the statute of frauds, and need not be in writing; and if, in pursuance of such an agreement, one of the parties locates a claim in his own name, he holds the legal title to the interests of the others in trust for them. Shea v. Nilima, 133 Fed. 213; Hendrichs v. Morgan, 167 Fed. 109; Doyle v. Burns, 123 Iowa, 488, 99 N. W. 195; Moritz v. Lavelle, 77 Cal. 10, 18 Pac. 803; Raymond v. Johnson, 49 Pac. 492. A mining claim constitutes real estate and falls within the statute of frauds. A resulting trust therein can only be shown by the payment of the whole of the government price appropriate to that share of the land which plaintiff claims before deed was taken. Ducie v. Ford, 138 U. S. 587; Moore v. Hamerslag, 109 Cal. 122, 41 Pac. 805.

*Hayes & Heffron,* for respondent.

A judgment dismissing a complaint for failure of evidence to sustain one of its material allegations, is no more in effect than a judgment of nonsuit, which will not support a plea of res judicata. Black on Judgments, 2d Ed. par. 717. Where a bill in equity is dismissed "without prejudice," the effect of the reservation is to prevent the decree from constituting a bar to another suit brought upon the same subject matter. Black on Judgments, par. 721; 3 Cyc., p. 1145.

SMITH, J. Plaintiff, Charles S. Hardin, brought an action in the circuit court of Lawrence county, praying that the defendant James D. Hardin, be decreed to hold a three-fourths interest in certain ranch lands and certain personal property consisting of stocks and interest in mining properties in Lawrence county, in trust for the plaintiff and the other two defendants; that he be required by the decree of that court, to transfer to the plaintiff and to the other two defendants, respectively, each a one-fourth interest in the whole of the real and personal property described in the complaint and alleged to be held by him in trust. The complaint alleges that this plaintiff and the defendants, James D. Hardin and William Louis Hardin, are brothers, sons of the defendant, Elizabeth Hardin and her husband, one Anderson Hardin, now deceased. That the said Elizabeth Hardin was appointed and qualified as administratrix of the estate of her husband; that more than 20 years ago, this plaintiff, the defendants James D. Hardin, Elizabeth Hardin, and Anderson Hardin, now deceased, entered into a joint business of locating mining claims and dealing in mining claims and mining stocks and other real and personal property in Lawrence county, and jointly carried on and continued the same until the death of Anderson M. Hardin, in October, 1898; that said business consisted, in part, in organizing and promoting various mining companies and selling and disposing of the stock thereof; that it was understood and agreed by and between all parties to the joint undertaking that each should share equally in the proceeds and profits thereof, and that on the death of said Anderson M. Hardin, it was mutually agreed between the plaintiff and the defendants, James D. Hardin, Elizabeth Hardin, and the

said Wm. Louis Hardin, that said business should be carried on jointly without change, and that each should share equally in the accumulations and proceeds and profits thereof; that said business was thus continued and jointly carried on by the parties to this action from October, 1898, until about three months prior to the beginning of this action; that the interest in the deceased father's estate in the said joint enterprise remains in the possession and under the control of the parties to this action without division or accounting; that there has never been an accounting between the parties to said joint undertaking, either before the death of said father or since, but that defendant James D. Hardin has withdrawn from said enterprise a greater sum than has either of his associates; that under the agreements above referred to, all the parties thereto were to devote their time and attention to the advancement of said joint enterprise, and that for more than 20 years all of said parties have devoted their time and attention thereto, and the whole of the real and personal property described was accumulated and acquired by their joint efforts; that reposing special confidence in the defendant James D. Hardin, this plaintiff and the other defendants expressly permitted him to take in his own name and under his own control the properties of said joint enterprise in trust for the use and benefit of all of said parties; that this was done for convenience in handling the same; that the defendant James D. Hardin now holds in his name all of such properties, the same being described in the complaint; that this plaintiff has demanded of said James D. Hardin a sufficient deed of conveyance for plaintiff's one-fourth interest in said real property and a surrender to him of his one-fourth of the whole of said personal property, but that said defendant wrongfully withholds the same from this plaintiff; that the consent of the defendant Elizabeth Hardin and of Elizabeth Hardin, as administratrix, and of Wm. Louis Hardin cannot be obtained to join as plaintiffs in this action and therefore they are made defendants; that the lapse of years and the absence of written accounts render an accounting at this time impossible, and that this plaintiff relinquishes any personal claim against said James D. Hardin for excess moneys

drawn from the business over that of his associates. The answer consists of a general and specific denial of all the allegations of the complaint, and as a separate and further defense, alleges that on or about the 16th day of June, 1908, in an action brought in the same court, between the same parties and for the same cause of action, and upon substantially the same allegations as those set forth in the complaint herein, the defendant recovered judgment against the plaintiff dismissing his said complaint upon the merits, which judgment was duly made and given upon the merits. A trial was had before the court in the present action, and findings of fact and conclusions of law favorable to the plaintiff were made and entered and a judgment entered awarding plaintiff the relief demanded, and decreeing that James D. Hardin transfer and surrender to the plaintiff and the other two defendants in this action each a specified interest in the real and personal property mentioned and described in the said findings and decree. From this judgment and an order overruling his motion for a new trial, the defendant James D. Hardin appeals.

Appellant relies for reversal upon two propositions: First, the plea of former adjudication, by reason of which this action cannot be maintained for the enforcement of a resulting trust; second, insufficiency and incompetency of the evidence to sustain the findings and decree. On the trial, to sustain the plea of former adjudication, defendant offered in evidence the judgment roll in the former action, which consisted of the complaint, the answer, and the judgment, which contains a recital that findings of fact and conclusions of law are expressly waived. The complaint in the former action alleges identically the same facts set forth in the complaint in this action, so far as they are material to the questions involved on this appeal, but prays in addition for an accounting, and that upon the completion of an accounting, defendant James D. Hardin be decreed to deliver to plaintiff and the other two defendants each their just and proper share of the accumulations, proceeds, profits, moneys, and other effects of said joint enterprise, and that defendant James D. Hardin be required to transfer by proper deeds of conveyance to the plaintiff and the other two defendants' such

interest in the real properties of said enterprise now standing in his name as may be found to belong to them respectively. The answer in the former action was a general denial. Evidence was offered at that trial by both parties in support of their respective pleadings and findings, and conclusion being waived, the court entered a decree, containing appropriate recitals, and adjudging "that the plaintiff's complaint herein be and the same is hereby dismissed, upon the merits, but without prejudice to the plaintiff's right to bring another action against the defendant James D. Hardin, to declare a resulting trust in the Redwater farm lands and the other properties described in the complaint."

Counsel for appellant in a most able and exhaustive brief have presented authorities which conclusively establish the proposition that the record of the former trial is a complete and final adjudication of the rights of the parties in this action, unless those rights are preserved and protected by the decree itself, which expressly attempts to reserve to plaintiff the right to institute another action to establish a resulting trust in his favor in certain of the properties in controversy in the former action. Appellant's counsel contend that the cause of action in the complaint in this action is the identical cause of action alleged in the complaint in the former action, and with this contention we are inclined to agree. We do not think the cause of action set out in the former complaint is different from that contained in the complaint in the present action, or is in any manner changed by reason of the allegations in the former complaint appropriate to relief by way of accounting in that action. The former complaint asks for an accounting only in aid of or as ancillary to a decree prayed for, awarding to the parties their respective shares of the properties alleged to be held in trust by the defendant James D. Hardin. The fundamental question of right involved in both actions is the same whether the defendant James D. Hardin holds these properties or any portion of them in trust for the use and benefit of the other parties to the action. If he holds them in trust as alleged, the particular mode in which the respective rights and interest of the parties shall be ascertained is not an essential part

of the ultimate right itself, but is merely a part of the remedy. The former judgment, in any event, is final and conclusive as to any rights which may have existed in the plaintiff and the other two defendants · to money or property belonging to the joint owners, which may have been misappropriated or lost or dissipated by the wrongful act of James D. Hardin, and which did not constitute a part of the tangible property in his hands at the time the former decree was entered. The right to have such money or property accounted for, and turned into the common fund by James D. Hardin, is forever barred by the former judgment. In the former action, as in this, no accounting was necessary or required as affecting the tangible assets of the alleged joint enterprise in defendant's hands. If plaintiff failed to show that there was a joint enterprise as alleged and that the specific property claimed or some portion of it in the hands of James D. Hardin was in fact the product of joint efforts under a partnership agreement, the plaintiff would fail wholly in the action. The theory and the allegation in the former action, as in this, is that there was a specific agreement and understanding whereby all parties to the joint enterprise were to devote their entire time and efforts to the common benefit, and no matter how much or how little each individual may have contributed to the joint accumulations, he was entitled to share equally with all the others in the common fund. It seems to us quite clear, therefore, that the judgment in the former action is a bar, unless the right to maintain this action is saved by the clause in the decree which reserves to plaintiff the right to bring another action against the defendant James D. Hardin to declare a resulting trust in the Redwater farm lands and the other properties mentioned in the decree. It is perfectly clear that the former action was brought to the end that all property belonging to the alleged joint enterprise, whether it consisted of property which had been wrongfully appropriated by James D. Hardin and unaccounted for, or of property remaining as tangible assets in his hands, might be decreed to be held by him under a resulting trust. The purpose of the accounting prayed for in the former action was not to ascertain whether the tangible assets in

the hands of James D. Hardin were held in trust, but to ascertain whether he had received additional property belonging to the joint enterprise, not then remaining in his hands, and which he had failed to account for and to have his liability therefor decreed as an asset—a part, so to speak, of the trust property. The elimination of this demand from the complaint in the present action may be properly construed merely as an abandonment of the right to that part of the property not accounted for by James D. Hardin, and this lessened demand in no sense changes the cause of action stated in the former complaint. The former complaint was nothing more or less than a statement of the facts disclosing the alleged right to a decree establishing a resulting trust and a distribution of the trust property, as to the whole of the joint assets, including property for which James D. Hardin was accountable to his associates, as well as property then in his possession. The right to a decree creating a liability against James D. Hardin in favor of his associates as an asset is conclusively barred by the former judgment. It is clear, therefore, that unless the right to maintain the present action to establish a resulting trust as to the assets remaining in the hands of James D. Hardin is preserved by the reservation in the former decree, the whole action is barred.

Appellant contends that the rights of the parties, whether they comprise the whole or only a part of the demand sued upon, are concluded by the former judgment, because a plaintiff may not split his cause of action. For reasons to be stated we deem it unnecessary to consider this phase of the case. It is conceded that in the former action the court had jurisdiction of the parties and the subject-matter of the action. Therefore, the judgment or decree entered in the former action cannot be held void, but is valid and binding upon all parties to the action according to its terms, until set aside or reversed for error. It may be assumed that in the former action the court permitted the plaintiff to split a cause of action, in itself indivisible, and by its decree barred the right of the plaintiff only as to a part of the trust property, and by the same decree permitted plaintiff to bring another action upon the same cause to recover another portion of the trust property.

It may be conceded that such judgment is shown to be erroneous on its face. But no rule of law is better settled than that a decree, however erroneous, is binding upon all parties to the action, so long as it remains unreversed. The party aggrieved may prosecute an appeal for reversal, and unless he does so, is conclusively bound by the decree. That this principle is applicable to decrees like the one under consideration seems settled by the authorities. It is said in 23 Cyc. 1145: "Where a judgment or decree expressly excepts or reserves from its operation specified rights or claims of the parties in suit, or the decision of questions in issue, or the right to take further proceedings in respect to certain matters, it constitutes no bar to a subsequent action on the matters so reserved; but on the contrary the reservation itself becomes res judicata, and prevents the raising of any question as to the right to bring or maintain such subsequent suit." In Bodkin v. Arnold, 45 W. Va. 90, 30 S. E. 154, the first headnote says: "When a decree is entered reserving the right to any party to further litigate any matter in controversy in the suit, such reservation may be reviewed on appeal by any party prejudiced thereby, and, if no appeal is taken, such reservation becomes res adjudicata, and cannot be called in question by any party in any other suit or proceeding." The defendant James D. Hardin is as conclusively bound by that part of the decree allowing plaintiff to prosecute another action to establish a resulting trust in the property therein described, as is the plaintiff by that part of the decree dismissing his complaint as to all other property not specifically referred to in the decree. The particular right or cause of action named therein being preserved by the former decree, it necessarily follows that the plaintiff's right to prove his cause of action by any competent evidence is also preserved, even though the evidence necessary to prove it be identical with that in the former action.

Appellant contends that much of the plaintiff's evidence is incompetent under the statute of frauds, but does not clearly point out the portions of the evidence referred to. The record discloses that the whole of the evidence tending to establish the alleged partnership enterprise between the parties to this action rests in

parol. The rule that the existence of a partnership may be established by parol evidence is elementary and does not require a citation of authorities. The real point to appellant's contention seems to be that the plaintiff should not be permitted to show an interest in real estate through a partnership agreement resting in parol only, but this contention is clearly untenable. An examination of the record discloses an abundance of evidence to sustain the findings of the trial court that a joint agreement had existed between the parties to this action for nearly or quite 20 years, under which the plaintiff, Chas. S. Hardin, the defendant James D. Hardin and Elizabeth Hardin and Anderson M. Hardin, now deceased, entered upon the business of locating and dealing in mining claims, organizing and promoting mining corporations and dealing in mining stocks and other real and personal property in Lawrence county, and that by the terms of this agreement, all the parties thereto were entitled to and should share equally in the proceeds and profits of the whole business. The rule is well settled that an agreement between two or more persons to explore the public domain and to discover and locate mining claims for the joint benefit of the contracting parties is not within the statute of frauds, and need not be in writing. And if, in pursuance of such an agreement, any one of the parties locates a claim, either in his own name or in the name of any other of the parties to the agreement, the party in whom the legal title vests holds it in trust for the benefit of all. Shea v. Nilima, 133 Fed. 209, 66 C. C. A. 263; Hendrichs v. Morgan, 167 Fed. 109, 92 C. C. A. 558; Doyle v. Burns, 123 Iowa, 488, 99 N. W. 195; Moritz v. Lavelle, 77 Cal. 10, 18 Pac. 803, 11 Am. St. Rep. 229; Raymond v. Johnson, 17 Wash. 232, 49 Pac. 492, 61 Am. St. Rep, 908. It is also held in Moore v. Hamerstag, 109 Cal. 122, 41 Pac. 805, that such an agreement must have been made before the location of the claims thereunder. It is also well settled that an absolute conveyance of land cannot, after its execution, be constituted a trust by an oral declaration of the parties thereto. Fenney v. Howard, 79 Cal 525, 21 Pac. 984, 4 L. R. A. 826, 12 Am. St. Rep. 162; Hasshagen v. Hasshagen, 80 Cal. 518, 22 Pac. 294; Sherman v. Sandell, 106

Cal. 373, 39 Pac. 797. Appellant contends that the mining locations, under which title was acquired to the properties, and their proceeds in dispute in this action, were not made under a prior agreement between the parties to this action, that defendant, James D. Hardin, should hold the same in trust, and for that reason this action cannot be sustained. The finding of the trial court that such an agreement existed long prior to the location of these mining claims, and long prior to the time defendant James D. Hardin acquired title to the Redwater farming lands, is amply sustained by the evidence.

The contention of appellant that in any event every action with reference to the title to this property is conclusively barred by the former judgment, excepting only an action to declare a resulting trust, and that therefore the plaintiff is estopped to maintain this action to establish a joint enterprise or partnership, and through it the equitable ownership of the property in controversy, cannot be sustained for the further reason that the evidence of the existence of the joint enterprise in this action is merely proof of one of the facts tending to establish a resulting trust in the defendant James D. Hardin. Such trust could only be made to appear, first, by proof sufficient to show a joint enterprise between the parties to the action; second, that the property in controversy was acquired by and was the product of the joint efforts of the parties to the enterprise; and, third, that the title was vested in the defendant James D. Hardin by agreement of and for the mutual benefit and convenience of all parties concerned. Appellant contends that in attempting to establish the second of these propositions the statute of frauds is violated, namely: In proving the ownership of the parties of aliquot parts of the original mining locations, the organization and promotion of the various mining companies, and the transfer of the mining properties to the mining corporations in exchange for stock or other property, and the investment of the proceeds thereof in Redwater lands. Parol evidence is always admissible as between the partners themselves to prove that a partnership exists in real estate as well as in personal property. If the title to real estate is taken in the name of one

partner, or in the name of the partnership, the conveyance is held in equity as a trust for all the partners, and if the real estate is in fact partnership property, it matters not that the legal title is in one or any or all of the parties, or in a third person; equity regarding it as held in trust for the partnership, the trust being enforceable by the parties interested. Chicago Lumber Co. v. Ashworth, 26 Kan. 212. A resulting trust in favor of the partnership occurs whenever real estate is purchased for partnership purposes and paid for with partnership funds in the name of one partner. McGuire v. Ramsey, 9 Ark. 518. The existence of an equitable trust in partnership real estate is the result of the agreement and intention of the partners, which can be either expressed or implied. It may be expressed in the agreement of partnership or in the writing evidencing its purchase, or verbally, and it may be implied from the circumstances of the purchase and the conduct of the parties. Wilhite v. Boulware, 88 Ky. 169, 10 S. W. 629. See Carlisle v. Mulhern, 19 Mo. 56; Willet v. Brown, 65 Mo. 138, 27 Am. Rep. 265; Shearer v. Shearer, 98 Mass. 107; Hanff v. Howard, 56 N. C. 440. See, generally, Robinson Bank v. Miller, 153 Ill. 244, 38 N. E. 1078, 27 L. R. A. 449, 46 Am. St. Rep. 883, and monograph note, where numerous authorities are cited. In all cases of this character the trust depends upon the relation of the parties, and not upon the manner in which title is acquired. McCarthy v. Speed, 11 S. D. 371, 77 N. W. 590; Settembre v. Putnam, 30 Cal. 490; Kringle v. Rhomberg, 120 Iowa, 472, 94 N. W. 1115; Williams v. Williams, 108 Iowa, 91, 78 N. W. 793; Nasholds v. McDonell, 6 Idaho, 377, 55 Pac. 894; Robarts v. Haley, 65 Cal. 402, 4 Pac. 385. In this class of cases a parol contract is not within the statute of frauds. Davenport v. Buchanan, 6 S. D. 376, 61 N. W. 47; Betts v. Letcher, 1 S. D. 182, 46 N. W. 193; Bates v. Babcock, 95 Cal. 484, 30 Pac. 605, 16 L. R. A. 745, 29 Am. St. Rep. 133; Sutton v. Whetstone, 21 S. D. 341, 112 N. W. 850, and cases, supra. It has been held by this court, and is generally held, that such a trust must be established by clear and satisfactory evidence. The evidence in this case establishes quite clearly and satisfactorily the existence of a **partnership**

agreement as found by the trial court, under which all the parties thereto were to contribute their time and joint labors to its promotion; and that all should share equally in the entire accumulations of the business. It cannot be doubted that such a partnership agreement is valid and binding, and that it fixes absolutely the rights and several interests of the partners in the partnership property. And where, as in this case, the legal title to the partnership property is held by one partner under a resulting trust, the specific aliquot interest or share of each partner is fixed and determined by the partnership agreement to share equally in the partnership property. Under the agreement of partnership found by the trial court, it was not necessary for plaintiff to show how many days' work were done, or what specific contributions to the partnership assets were made by each individual partner. It was only necessary to show that the property was the product of the joint or several labors and efforts of the individual members of the partnership, as that business was actually carried on. A review of the evidence would serve no useful purpose. It is sufficient to say we are entirely satisfied that the findings of the court are amply sustained by the evidence in the record.

The contention of appellant's counsel that it is incumbent upon plaintiff to show that by his labors and contributions he earned or paid for some aliquot part of the trust property is answered by the finding of the court above referred to, that under the agreement of partnership each partner owned an equal share in the partnership property. It was not necessary under this agreement that the contributions of the partners should be shown to be equal to entitle them to equal shares in the accumulations. It was only necessary to show that each had contributed his time and efforts thereto—and this is shown by the evidence in the record. The vital issue presented by defendant under the pleadings and the evidence was his absolute denial of the existence of the partnership agreement itself; and upon that issue the findings of the trial court are adverse to him.

We have examined appellant's objections to the evidence bearing upon the question of the existence of the partnership

agreement, and find no reversible error. The contention of appellent that a resulting trust in mining claims can only be shown by a payment of the whole of the government price appropriate to the share of the land which plaintiff claims, before deed taken, as held in Ducie v. Ford, 138 U. S. 587, 11 Sup. Ct. 417, 34 L. Ed. 1091, and other cases cited, has no application to this case, because under the findings here the whole price must have been paid for the equal benefit of all the partners.

We find no reversible error in the record, and the judgment and order of the trial court are therefore affirmed.