## SUTTON v. WHETSTONE.

In establishing a resulting trust under the provisions of Rev. Civ. Code, § 303, providing that when a transfer of real property is made to one person, and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom the payment is made, whatever occurred at the time of the purchase relating to the payment of the consideration by the party claiming the beneficial interest is admissible to establish the trust.

The statute of frauds embraces only trusts created or declared by the parties, and does not affect trusts arising by operation of law.

In an action to recover land, evidence that the heirs of a person who held the legal title only had redeemed the land from foreclosure sale was inadmissible to show a beneficial interest in the person's estate, since, as he had no beneficial interest in the land, his heirs

were not required to redeem, and their act was purely voluntary.

In an action to recover land, a number of deeds showing a chain of title from a railroad to the defendant prior to a deed by another person conveying the legal title, and evidence that the defendant was in possession of the land at the time the deed was made, was admissible to show the actual continued possession of the premises by the defendant.

In an action to recover land, a complaint of intervention sought to be filed in a former suit in which the defendant was a party, by a person through whom the plaintiff claimed, was inadmissible to show title in such person, since it was not binding upon the defendant.

The complaint of intervention, being inadmissible as a self-serving declaration on the part of the person who originated it, was inadmissible in favor of others claiming under him.

The fact that a person allows tenants to reside on premises does not affect his sole and exclusive possession thereof.

In an action to recover land, the burden to maintain the action on the part of the plaintiff rests upon him throughout the entire proceeding.

(Opinion filed, July 10, 1907.)

Appeal from Circuit Court, Deuel County. Hon. George H. Marquis, Judge.

Action by J. J. Sutton against Mary J. Whetstone. From a judgment for defendant, plaintiff appeals. Affirmed.

*T. J. Honeywell, T. J. Law,* and *C. X. Seward,* for appellant. *H. H. Potter, Albert R. Allen,* and *De Forrest Ward,* for respondent.

CORSON, J. This action was brought by the plaintiff to quiet title to and recover possession of a tract of land in Deuel county comprising 80 acres. Verdict and judgment being in favor of the defendant, the plaintiff has appealed.

It is conceded that the legal title to the property is in the plaintiff; but the defendant contends that she is equitably entitled thereto, for the reason that the same was purchased for her and the money to purchase the same was furnished by her, and that the grantees, through whom the title passed from the admitted owner to the plaintiff, took title to the same with full knowledge of the defendant's equitable title thereto. It is disclosed by the evidence that the conveyance made by one Comport, under which the defendant claims an equitable title to the property, was made to

Bernice Whetstone, a daughter of the defendant, and that she subsequently conveyed it to G. A. Whetstone. a son of the defendant, and by him the land was conveyed to one Cronkhite, who died shortly thereafter, and subsequently the administrator of his estate, under proceedings in the probate court, conveyed the same to the plaintiff. It is claimed by the defendant that Bernice Whetstone paid no consideration for the property, and that all the consideration paid therefor was paid by the defendant. It was further disclosed by the evidence that Bernice Whestone married one Knapp, and thereupon she, with her husband, conveyed said premises to her brother, G. W. Whetstone, with the consent of the defendant, her mother, and it is claimed by the defendant that said G. A. Whetstone paid no consideration therefor. There was evidence tending to prove that G. A. Whetstone, contemplating a trip to the Philippine Islands, was advised by his mother and her attorney to convey the land to Cronkhite, who took the conveyance with full knowledge of all the facts and paid no consideration therefor; and the evidence tended to prove that the defendant had been and was in the exclusive possession of the property at the time these several conveyances were made and at the time the purchase was made by the plaintiff at the administrator's sale. It is contended by the plaintiff that the evidence on the part of the defendant tending to prove the agreement between Comport and the defendant and Bernice Whetstone and her mother at the time the conveyance was made to her and the agreement between Bernice, and her brother G. A. Whetstone at the time she and her husband conveyed the premises to him, and between G. A. Whetstone and Cronkhite at the time the conveyance was made to the latter, was inadmissible, for the reason that these conversations and agreements were not had in the presence of the plaintiff and were not binding upon him, and, further, that the evidence that no consideration was paid for the property by Bernice Whetstone. G. A. Whetstone, or Cronkhite was incompetent as tending to contradict the recitals of a consideration in the several deeds. While there are a great number of errors assigned in the record, in the view we take of the case, it will not be necessary to discuss them separately, as the objections above stated substantially embody the theory

of the plaintiff, namely, as he had the legal title, it was not competent to divest him of that title and estabish an equitable title in the defendant by the tesimony introduced. The case was evidently tried by the defendant upon the theory that the conveyance by Comport to Bernice Whetstone impressed her with a resulting trust in favor of the defendant under the provisions of section 303, Rev. Civil Code, which reads as follows: "When a transfer of real property is made to one person, and the consideration therefore is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made." It will be observed that the trust referred to in this section results from the consideration therefor being paid by or for the party claiming the beneficial interest. Such a trust is ordinarily established by evidence proving clearly that, though the title is taken in the name of one party, the consideration therefor was paid by the party claiming the beneficial interest. Whatever occurs, therefore, at the time of the alleged purchase relating to the payment of the consideration by the party claiming the beneficial interest, is properly admissible for the purpose of establishing the trust. Mr. Perry, in his work on Trusts, thus states the law relating to such agreements: "The transaction out of which a trust results may be proved by parol. The statute of frauds extends to and embraces only trusts created or declared by the parties, and does not affect trusts arising by operation of law. Indeed, such trusts are specially excepted in the statute of frauds of most states. The exception, however, was omitted in the statute of Rhode Island; but Mr. Justice Story held that the omission was immaterial, as such trusts were excepted in the nature of things. It follows that a party setting up a resulting trust may prove by parol the agreements under which the estate was purchased, and he may prove by parol the actual payment of the purchase money by himself, or in his behalf, although the deed states it to have been paid by the grantee in the conveyance; and although the holder of the legal title has fraudulently or by mistake made a declaration that he holds the property for some other person, or states it to be for the use of the grantor, and although the trust, and all the circumstances out of which it arises, may be denied under oath in the answer, yet the facts may all

be proved by parol in opposition to the answer.". The law thus laid down by Perry was established in the case of Boyd v. M'Lean, 1 Johns. Ch. (N. Y.) 583, by Chancellor Kent as early as 1815, and which is thus stated in the head note to that case: "If A. purchases land with his own money, but the deed is taken in the name of B., a trust results, by operation of law, to A., and the fact, whether the purchase was made with the money of A., on which the resulting trust is to rise may be proved by parol, it not being within the statute of frauds. And this parol evidence is admissible, not only against the face of the deed itself, but in opposition to the answer of the trustee, denying the trust; and that, it seems, after the death of the nominal purchaser." The rule established by these authorities seems to be generally accepted as stating the law applicable to this class of cases. As the resulting trust may be established by parol evidence, it logically follows that the circumstances that the legal title passes through different parties who take the same with full knowledge of all the facts and under agreements to hold the same interest for the beneficiary, and who pay no consideration therefor, may also be proved by parol evidence, notwithstanding such evidence tends to contradict the recitals in the deeds. It is quite clear, therefore, that all that occurred between Comport and the defendant, Bernice Whetstone and her mother, herself and her brother, and her brother and Cronkhite, relating to these transfers by them constitutes competent evidence, and was admissible as against the plaintiff, who only received at the administrator's sale such title as Cronkhite had at the time of his decease; the plaintiff having purchased the property while it was in the actual and exclusive possession of the defendant.

The evidence in the case seems to be full and clear that the purchase of the property from Comport by the defendant was made for her benefit, that the consideration was in fact paid by her, and that the title was taken in the name of Bernice solely for the benefit of her mother, and that G. A. Whetstone and Cronkhite took the title to the property with the express consent of the defendant and with full knowledge of all the facts and paid no consideration therefor, and the verdict of the jury in favor of the defendants was, in our opinion, fully sustained by the evidence.

On the trial the appellant offered in evidence the record of a mortgage from Bernice Whetstone to one Allen, and followed this by a statement that he proposed to show that the mortgage had been foreclosed and a sale made thereunder and the premises redeemed from such sale by the heirs of Cronkhite after his decease. His evidence was objected to by counsel for the respondent and the record excluded, and the appellant now contends that the court erred in excluding this record with the accompanying offer, as the evidence offered tended to show that the estate of Cronkhite had a beneficial interest in the property which was conveyed to the plaintiff by the administrator's deed. We are of the opinion that this evidence was properly excluded, as the redemption of the property by the heirs of Cronkhite would not have the effect of vesting in the estate of Cronkhite any interest; for, Cronkhite having no beneficial interest therein, his heirs were not required to redeem the property from the sale on the mortgage made by Bernice Whetstone in the absence of proof that they had funds for that purpose furnished by the defendant. The redemption, therefore, if made by them, was a voluntary act, which in no way could affect the rights of the defendant and in no manner tended to give to Cronkhite any interest in the property other than that of a trustee for the defendant.

It is contended further by the appellant that the court erred in admitting certain deeds in evidence showing a chain of title from a railroad company to the defendant prior to the conveyance by Comport, and that she was in possession of the premises at the time the deed was made by Comport, to Bernice under this chain of title, on the ground that the same was incompetent. The evidence appears from the charge of the court to have been admitted for the purpose of showing the actual possession by the defendant of the premises from a time prior to the deed from Comport to Bernice Whetstone up to and including the time that the defendant purchased the property at the administrator's sale. Upon this subject the court charged the jury as follows: "And if such was the case, and she, the defendant, was before the making of said deed by said Comport and wife to the said Bernice in actual, open, and notorious possession of said land, and the said actual

open, and notorious possession of said land by the defendant was continuing at the time said deed was made and has ever since continued without interruption, she at all times living upon and occupying said land under a claim of ownership thereof, or as the owner thereof, then in such case the said G. A. Whetstone at the time he took the said deed from the said Bernice, and the said John Q. Cronkhite at the time he took the said deed from said G. A. Whetstone, and the plaintiff at the time he took said administrator's deed were one and all charged with the notice of the rights of the defendant as the bona fide owner of said land, and the plaintiff cannot recover." Taking this view of the purpose for which the evidence was offered and received by the court, we discover no error in the court's ruling in admitting this evidence, as the charge of the court upon this branch of the case was clearly correct.

It is further contended by the appellants that the court erred in excluding a certain complaint of intervention sought to be filed by Cronkhite in an action in which the defendant was a party; but this complaint of intervention was clearly inadmissible, as it was in no manner binding upon the defendant. The allegations therein made that Cronkhite was the owner of the property were inadmissible as a self-serving declaration on the part of Cronkhite that would have been inadmissible in his favor if he had been living at the time of the trial, and was therefore inadmissible in favor of the plaintiff in this action. Admissions of a party in disparagement of his title may be given in evidence by the adverse party, for the reason that it is presumed a party holding the legal title would not make any admissions in disparagement of his own title, unless such admissions were true. 1 Greenleaf on Evidence, § 109. A statement of the party in his own favor in regard to the title which he holds cannot be used as evidence in his favor or in favor of any one claiming under or through him.

It is further contended by the appellant that the court's instruction as to defendant's possession was erroneous, for the reason that it appears from the evidence that during a part of the time subsequent to the execution of the deed from Comport to Bernice Whetstone she and her husband resided upon the premises

with her mother, together with G. A. Whestone, through whom title passed; but it clearly appears from the evidence that Bernice Whetstone and her husband occupied the premises as tenants of the defendant, and that both of them and G. A. Whetstone left the premises in the sole and exclusive possession of the defendant long prior to the purchase of the property at the administrator's sale by the plaintiff. Under the facts as disclosed by the record in this case, we are of the opinion that the court committed no error in giving this instruction.

Appellant further contends that the court erred in instructing the jury that the burden of showing that he was entitled to the property was upon the plaintiff, and contends that, when the plaintiff had shown that he had the legal title, the burden shifted to the defendant to prove by preponderance of the evidence that she was entitled to the property under and by virtue of her equitable claim thereto. We are of the opinion that the court was right in its instruction. The burden to maintain the action on the part of the plaintiff always rests upon him, and the contention that the burden shifts under certain conditions is not conceded by the authorities. It is true that, when the plaintiff had shown that he had the legal title to the property, the presumption was that he was entitled to recover, unless the defendant could show by a clear preponderance of the evidence that her equitable title to the property was superior to the legal title held by the plaintiff; but the burden of proof nevertheless remains on the plaintiff.

It is strenuously insisted on the part of the respondent that the plaintiff could acquire no greater title under the administrator's sale under the circumstances than that possessed by Cronkhite at the time of his decease, and hence that as Cronkhite took the property with full knowledge of all the facts and held the same in trust for the defendant, and the plaintiff, who succeeded to his rights, only acquired the rights of such trust, but never, in fact, became the beneficial owner of the property. But, in the view we have taken of the case, we do not deem it necessary to discuss this question at this time. As the plaintiff purchased the property while defendant was in the exclusive possession of the same, claiming title thereto, he must be deemed to have purchased with notice of all

the facts which he might have ascertained by inquiries as to the defendant's title, and therefore is charged with constructive notice of her equitable interest in the property.

We have not overlooked the other assignments of error, but do not deem them of sufficient merit to require a separate discussion in this opinion.

The judgment of the court below and order denying a new trial are affirmed.