BOYNTON, Respondent, v. WELLER, Appellant.

(166 N. W. 154.)

(File No. 4243.    Opinion filed January 18, 1918.    Rehearing denied
March 8, 1918.)

**Mortgages—Homesteader in Possession—Trust Title in Another—
Mortgage by Latter—Failure to Record Re-transfer to Home-
steader, Effect re Mortgage Debt.**

Where plaintiff, the owner and in actual notorious possession of property constituting her homestead, the consideration for which property was paid by plaintiff and her husband, the title being placed in the son in trust for plaintiff; the son never having exercised ownership over or furnished funds for improvement thereof or paid taxes thereon, but having executed a mortgage thereon to defendant after having executed a deed of re-conveyance to the mother, which deed she had failed to record; **held**, that, because of plaintiff's actual possession, defendant mortgagee should, as between him and plaintiff, suffer the loss of the mortgage debt; he being charged with notice of plaintiff's occupancy, and therefore presumably of the fact that plaintiff was the real owner.

Appeal from County Court of Charles Mix County.    Hon. J. H. Exou, Judge.

Action by Minnie S. Boynton, against Frank Weller, for cancellation of a deed to realty, and for other relief.    From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.    Affirmed.

*T. J. Spangler,* for Appellant.

*A. E. Hitchcock,* for Respondent.

Appellant cited: Tolerton & Stetson Co. v. Casperson 63 (S. D.) N. W. 908, and cases cited; Lyon v. Bank 15 S. D. 400.

Respondents cited: Sec. 303, Civ. Code; 39 Cyc. 112; Sutton v. Whetstone, 21 S. D. 347; 112 N. W. 850.

Respondent submitted that: Respondent was not negligent in withholding deed from record. That actual open and notorious possession of real property is notice to the world of all claims therefor by occupant, as fully as though the claims were recorded.

GATES, J. In this case the trial court decreed the cancellation of a deed to a lot in Wagner, S. D., in which Albert A. Boynton, son of plaintiff, was grantor and the defendant was grantee, which deed defendant claimed, and the court found, to constitute a mortgage. From the judgment and order denying a new trial, defendant appeals.

Stripped of unnecessary facts the question is whether plaintiff or defendant shall suffer loss by reason of the negligence of plaintiff to record a deed from her son to herself to property which constituted the homestead of plaintiff and of which she was in actual, open, and notorious possession, and had been for several years. The consideration for the premises was paid by plaintiff, or by plaintiff and her husband, and the title was placed in the son for the purpose of holding it in trust for plaintiff. The son never exercised ownership over the property; did not furnish any funds for the improvements thereon; did not pay taxes or otherwise maintain the property, nor have possession thereof.

Because of the actual possession of the premises by plaintiff, it must be held that the defendant shall suffer the loss. He was charged with the notice of plaintiff's occupancy of the premises, and therefore was charged with notice of the facts which we must presume would have become apparent upon inquiry, to-wit, that although the title to the premises stood of record in the son the plaintiff was the real owner. Sutton v. Whetstone, 21 S. D. 341, 112 N. W. 850.

The judgment and order appealed from are affirmed.